STATE OF LOUISIANA *v.* JOSEPH LINDSEY.

The refusal of the Judge of the criminal court to grant a continuance on the affidavit of the accused, which the Judge did not believe to be true, cannot be assigned as error of law on appeal.

After the jury list had been called over in the presence of the accused and his counsel, and five jurors had been sworn, and four peremptory challenges had been made by the prisoner, his counsel moved for a continuance, on the ground, that various jurors in the list were not in attendance, nor within the jurisdiction of the court, and were not liable to jury service, and that some of them had been excused previous to the list being served on the prisoner—*Held:* That the accused must be considered as having waived any objection he may have had to the panel, and that it was too late to move for a continuance.

APPEAL from the First District Court of New Orleans, *Hunt,* J.

*E. W. Moïse,* Attorney General, for the State.   *A. P. Field,* for defendant and appellant.

MERRICK, C. J.   The accused having been convicted of a capital offence and sentenced to undergo the penalty of death, has taken this appeal.

No assignment of error has been made ; no brief has been filed, nor oral argument presented to this court on behalf of the prisoner.

Not knowing, therefore, on what particular grounds the accused expects a reversal of the judgment of the lower court, we shall examine his bills of exception and such grounds contained in the motion for a new trial, as are proper to be considered by this court.

I. The first bill of exception is to the refusal of the Judge to grant a continuance on the affidavit of the counsel on account of the non-attendance of certain witnesses.   The District Judge did not credit the affidavit.   No question of law is, therefore, presented by this bill.   See *State* v. *Kennedy,* 11 An. 479.

II. It appears by the second bill of exception, that after the jury list had been called over in the presence of the accused and his counsel, and after five jurors had been sworn, and four peremptory challenges had been made by the defendant, and after the thirty-fourth juror on the list had been called to the book, the counsel for the accused moved the court for a continuance, on the ground, that various jurors in the list served on the 24th of April were not in attendance, nor within the jurisdiction of the court on the 24th of April, and not liable to jury service, and some of them had been excused previous to that time, and ought not to have been placed on the list, inasmuch as it was calculated to embarrass and confuse defendant in his selection of a jury ; said list being insufficient in law and not a compliance therewith.   That the court overruled the motion and the accused excepted.

It further appears, that some of the jurors had been excused for sufficient cause, and that others were absent from the city or not served, and others who were in the city, and whose presence could have been procured by the process of attachment, were not in attendance.   The list consisted of seventy-two jurors, twenty-four of whom, including those excused and absent, were not present on the day of trial.   But it does not appear that the accused made any objection to proceeding to empannel the jury until five jurors were sworn, nor that he required the absent jurors to be brought in by attachment, before proceeding with the cause.   The accused must, therefore, be considered as having waived any objection he may have had to the panel, and it was too late to move for a continuance on

that account. *State* v. *Benjamin*, 7 An. 47 ; same v. *Viaux*, 8 An. 514; same v. *Maxant*, 10 An. 743 ; same v. *Jackson*, 12 An. 681 ; same v. *Nolan*, 15 An. 276.

STATE
*v.*
LINDSEY.

III. As to the motion for a new trial, the only matters which we can consider are those contained in the bills of exception, which are reiterated in the motion. We have nothing to add to what we have already observed in regard to the bills of exception. If the bills show no error, it was not error to refuse a new trial on account of matters therein set forth.

We discover no error in the record to justify a reversal of the judgment.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, with costs.