Statement of the Case.
MONROE, J.
Defendant was charged, by information filed by the district attorney on. *709 June 25, 1907, with having assaulted a girl, under the age af 12 years, with intention of committing a rape. The case was set down for trial on July 1, 1909, and upon that day the accused, through his counsel, moved for a continuance,'on the grounds that, in view of the character of the charge, he was entitled to he tried at a time when the public mind would be in normal condition; “that, owing to the unfortunate occurrence in the town of Covington on yesterday evening, when one of his race is charged with having made a violent and brutal assault upon a girl of the Caucasian race, the public mind is inflamed and prejudiced, and passion is naturally aroused, so that, in the opinion of your mover, a fair and impartial trial, such as is guaranteed by the Constitution and laws of this state, is impossible at this time; that in the issues of the daily papers, published at New Orleans and in the town of Covington, and which circulate in said town and are read by the citizens who compose the jury, in large headlines, they are informed that a mob of citizens are searching for a black brute, all of which is prejudicial to this defendant, and renders it highly improbable that he should obtain a fair trial; that he makes this application, not for delay but, in order to obtain substantial justice.”
Opinion.
1.The allegations contained in the motion were sworn to by the accused, and, the motion having been overruled, a bill was reserved. No testimony appears to have been adduced in support of the motion, and we are bound to assume that the trial judge knew as much about the state of the public mind as the accused. He acted under the obligation 'of his .oath of office, and, unlike the accused, was without interest. 1-Iis refusal to grant the continuance, because he did not believe the affidavit of the accused, presents no question of law, and is not reviewable in this court. State v. Lindsey, 14 La. Ann. 42.
2. In what purports to be bill of exceptions No. 2, it is recited that the district attorney, in his closing argument, pointed to the defendant and remarked “that there was the black brute in human form who had committed this diabolical crime”; that, on objection, the court instructed the jury to disregard the statement of the district attorney; that the district attorney, a few moments later, again pointing to the accused, cried loudly, “there is the black beast that committed the crime,” to which counsel for accused objected, “and asked to have the statement taken down by the stenographer, which was done, and he thereupon reserved to said statement a bill of exceptions, making the statement, as taken down by the stenographer, the basis of the bill.” The statement per curiam, annexed to the instrument thus quoted, reads:
“There was no note of evidence made, nor was there any formal bill of exceptions taken. I remember the counsel for accused interrupting the district attorney, and my instructing the district attorney to confine himself to the record; but there was no proper bill taken.”
The stenographic report, to which reference is made by counsel for the accused, does not appear in the transcript, and the bill itself bears date July 6th, five days after that of the trial. Beyond that, whilst the use of denunciatory language is ordinarily objectionable, it may be so far sustained by the evidence as to render it innocuous so far as the accused is concerned. Thus it has been held by this couid; that, if the evidence Showed the guilt of the accused, charged with incest with his own daughter, the remark of the prosecuting officer that the evidence showed that the accused was a “monster” was fully justified. State v. Spurling, 115 La. 789, 40 South. 167.
3. The remaining bill was taken to the ruling of the court in refusing a new trial, prayed for upon the ground relied on for the continuance ; that is to say, that the inflamed *711 condition of .the public mind operated to the prejudice of the accused. To this the judge says:
“This party, accused, had a fair and impartial trial. There was no reason whatever to give him a new trial.”
This court is not in a position to review the ruling complained of. It may be here remarked that the accused has not been represented here. We have, however, given to the points presented in the transcript our careful consideration, and we find no ground for reversing the judgment, which is accordingly affirmed.