(51 South. 677.)

No. 18,069.

STATE v. GLOVER.

(Feb. 28, 1910.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 1158*) — REVIEW — SUFFICIENCY OF EVIDENCE.

Where there is any evidence in a criminal case, the question of its sufficiency to establish the crime charged is one absolutely within the discretion of the trial judge, and this court is without power to review his judgment regarding the sufficiency of the facts to prove the crime charged. State v. Jones, 44 La. Ann. 1121, 11 South. 827; State v. Hauser, 112 La. 334, 36 South. 396.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3074; Dec. Dig. § 1158.*]

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; S. J. Henry, Judge.

Martin Glover was convicted of selling liquor without a license, and appeals. Affirmed.

Breazeale & Breazeale, for appellant. Walter Guion, Atty. Gen., and W. A. Wilkinson, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

BREAUX, C. J. The indictment against defendant charged him with keeping a grog and tippling shop and with retailing liquors without a license.

He was tried and found guilty.

The court condemned him to pay a fine of $250 and costs, and in default of payment to imprisonment for 12 months in the parish jail.

He appeals.

The first point before us for decision grows out of objection to testimony on the ground that the state proved only an offer or an attempt to sell intoxicating liquors.

During the trial the accused moved the court to find him not guilty and discharge him from custody, as the proof introduced did not, as he stated, show a sale of intoxicating liquors, nor the keeping of a grog or tippling shop, and that a mere attempt to do either is no offense.

The court overruled the motion.

It was to this ruling that the bill of exceptions was taken.

The court made the following part of the bill of exceptions:

"I overrule the objection, because evidence not only shows an offer to sell, but I believe proves beyond a reasonable doubt that there was an actual sale, and for this reason conviction was entered, and a new trial denied."

The point at issue is whether the evidence was sufficient to satisfy the trial judge of the guilt beyond a reasonable doubt.

The issue relates to the verdict, as to which learned counsel for the accused say there was no testimony sustaining the charge.

But there was evidence, and under the law the trial judge is intrusted with deciding as to whether there was sufficient evidence. He is the judge as to its sufficiency or insufficiency.

Repeatedly this court has decided that in a criminal case it would not consider the evidence of guilt or innocence on appeal. State v. Ware, 43 La. Ann. 401, 8 South. 878.

No jurisdiction to review the facts on appeal, so as to decide as to the correctness or incorrectness of the verdict. State v. Jones, 44 La. Ann. 1121, 11 South. 827.

This was reiterated in State v. Green, 111 La. 89, 91, 35 South. 396; State v. Maloney,

115 La. 498, 39 South. 539; State v. Hauser, 112 La. 334, 36 South. 396.

Without wishing to depart in the least from the ruling in these decisions, we have no objection to state that—arguendo, it is urged—under an indictment for keeping a grog and tippling shop without a license, proof of an offense sometimes characterized as "bootlegging" is not admissible.

That point is not before us in legal form.

As just stated, we have no good reason to withhold the statement that liquor selling may be presumed from facts and circumstances.

The offense may be made out by circumstantial evidence, without proof of a direct sale.

That was the point of difference between plaintiff and defendant. While there was no direct evidence, the court found from facts and circumstances, growing out of the possession of liquor and other facts, that there was guilt.

We must decline to interfere with the sentence.

For reasons assigned, sentence and judgment are affirmed.