(70 South. 233)

No. 21590.

STATE v. STEUER.

(Nov. 15, 1915.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⟺600 — CONTINUANCE — ABSENCE OF WITNESS.

Where a defendant in a criminal case moves for a continuance on account of the absence of an alleged material witness, but fails to allege what he expects to prove, and the state offers to admit that the witness, if present, will testify as defendant expects, and defendant thereupon announces that he will stand trial without such admission, there is no error in refusing the continuance.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1342–1347, 1604; Dec. Dig. ⟺600.]

2. CRIMINAL LAW ⟺1159 — APPEAL — SCOPE OF REVIEW—SUFFICIENCY OF EVIDENCE.

The jurisdiction of this court, in criminal cases, is confined to questions of law, and does not therefore extend to the question of the sufficiency of the evidence upon which a defendant was convicted, which is one of fact.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. ⟺1159.]

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Harry Steuer was convicted of keeping a grog, or tippling, shop, without a license, and appeals. Affirmed.

Carter & O'Quin and T. W. Nettles, both of Conshatta, for appellant. R. G. Pleasant, Atty. Gen., J. F. Stephens, Dist. Atty., of Conshatta (G. A. Gondran, of New Orleans, of counsel), for the State.

Statement of the Case.

MONROE, C. J. Defendant was convicted upon the charge of keeping a grog or tip-

pling shop and retailing spirituous liquors, "without previously obtaining a license from any town or city authorities or from the police jury of Red River parish, which required a license therefor," and, having been duly sentenced, he prosecutes this appeal.

[1] It appears from the record that, when called for trial, he moved for a continuance on account of the absence of a witness, alleged to be material, and took a bill of exception to the overruling of his motion. The statement per curiam, incorporated in the bill, reads:

"The said motion was overruled by the court for the following reasons:

"While the application for continuance failed to state what the defendant expected to prove by said absent witness, the state agreed that the absent witness, if present, would testify to what defendant expected to prove, and defendant announced that he would stand trial without such admission, and I overruled said application for continuance."

We find no error in the ruling. Marr's Cr. Jur. of La. p. 605.

[2] The transcript also discloses a bill of exceptions to the overruling of a motion for new trial, based upon the allegation that the state had failed to make the proof necessary to entitle it to the conviction. The statement of the judge, in that connection, is:

"That the guilt of the accused was clearly established, and no good reasons were advanced for a new trial."

The jurisdiction of this court, in criminal cases, is confined to questions of law, and the question of the sufficiency of the evidence is one of fact, to which, therefore, that jurisdiction does not extend. Const. art. 85; State v. Jones, 44 La. Ann. 121, 11 South. 827; State v. Green, 111 La. 90, 35 South. 396; State v. Hauser, 112 La. 334, 36 South. 396; State v. Glover, 125 La. 655, 51 South. 677.

Judgment affirmed.