LAND, J.
Defendant appeals from a conviction of shooting with intent to kill under an indictment charging him with shooting with intent to murder, and from a sentence of not less than 18 months nor more than 24 months at hard labor.
Two bills of exception were reserved in the case, the first to the remarks of- the district attorney in his closing argument before the jury, and the second to the refusal of the trial judge to grant him a new trial, based on the grounds: (1) That the verdict of the jury is contrary to the law and the evidence; (2) that the remarks made by the district attorney were prejudicial to the accused, and unlawful, and caused the jury to find the verdict returned against accused.
[1] The jurisdiction of fhe Supreme Court in criminal eases is confined to questions of law, and does not, therefore, extend to questions of the sufficiency of the evidence upon which a defendant was convicted, which is one of fact, whether the conviction is of the offense charged or of a lesser offense included in the indictment. State v. Steuer, 138 La. 303, 70 South. 233; State v. Easley, 118 La. 690, 43 South. 279.
[2] It appears from the per curiam signed by the district attorney, and approved by the trial judge, that the prosecuting officer, “in speaking of the philosophy of the law and the object of inflicting punishment on criminals found guilty of crime” said “that punishment was not meted, out merely for the sake of punishing, but to a very large extent for the purpose of deterring others from committing crime.” By way of illustration the district attorney stated to the jury “that if Juror A were to commit a crime, and he were allowed to go unpunished, even though he were guilty, Juror B might possibly, with the example before him, commit the same crime with impunity.” No reference was made to the accused personally or to the case on trial, and the jury was told by both the judge and the district attorney that the accused was entitled to the benefit of a reasonable doubt.
While counsel for the defendant excepted to the remarks of the district attorney, he dia not request the court to charge the jury to disregard them, and, as the court did not consider the remarks of the prosecuting of *597 ficer prejudicial to the case of the defendant or that they could have influenced the jury, composed of intelligent men, in reaching a verdict, no attention was paid to them by the court, and no special instruction was given to the jury to ignore the statement made by the state’s attorney. '
The remarks of the district attorney as to the philosophy of the law and its object in inflicting punishment was a mere discussion of an abstract proposition of law, wholly irrelevant to the case, and, as these remarks were general and impersonal, they cannot reasonably be construed as an appeal to the jury to convict the accused upon trial merely to make an example of him, whether guilty or not. We fail therefore to see wherein any prejudice resulted to the accused from the remarks made to the jury by the state’s attorney.
The judgment appealed from is therefore
Affirmed.