Defendant, convicted of murder without capital punishment, has appealed, and complains of the overruling of a motion for a new trial by the judge a quo. This motion is based upon two grounds:
1. That the verdict is contrary to the law and the evidence, and that the only verdict, according to the facts in the case, should be a verdict of not guilty, or a verdict of manslaughter.
We have repeatedly held that the jurisdiction of the Supreme Court in criminal cases is confined to questions of law, and does not extend to questions of sufficiency of the evidence upon which a defendant was convicted, which is one of fact, whether the conviction is of the offense charged, or of a lesser offense included in the indictment. State *Page 20 
v. Steuer, 138 La. 303, 70 So. 233; State v. Easley, 118 La. 690, 43 So. 279; State v. Minor, 154 La. 595, 97 So. 873.
2. That during the trial of said case, and between the adjournment of court on Monday evening, September 29, 1924, and the convening of the court on Tuesday morning, September 30, 1924, the jury was permitted to separate, and a number of said jurors were not at all times under the surveillance of the deputy sheriff in charge of them, to the prejudice of the accused.
The testimony shows that the jurors were quartered on the second floor of the courthouse, four of the jurors sleeping in the jury room, with door opened into the courtroom, and eight of the jurors sleeping in the courtroom, which was not large enough to accommodate a greater number. A deputy sheriff was in charge of the jury during the whole time, and retired after the last juror had gone to bed. The deputy slept near the doorway of the courtroom leading into the stair hall, and the door opening from the jury room into the hall was closed, and in view of the officer. There is no testimony to show that any of the jurors left either the courtroom or jury room for any purpose during the night, or that any person was in the building, at any time, except the jury and the officer in charge. No communication with any outside person by any one of the jurors is proven. Under the circumstances, no separation in a legal sense vitiating the verdict is shown, as the jury was kept together, under charge of an officer, and secluded from all outside communication and influence. State v. Devail, 51 La. Ann. 497, 25 So. 384; Whart. Crim. Plead. Prac. (8th Ed.) § 727.
3. One of the jurors testified as a witness for the defense that he saw another juror reading law books in the courtroom. This testimony was objected to by the district attorney on the ground that a juror is *Page 21 
not competent as a witness to impeach his verdict, and the objection was overruled. Whether the books perused by the juror were the Code of Practice, Benjamin on Sales, or what not, is not shown. Obviously, such testimony has not the slightest tendency to impeach the verdict in this case, or to show misconduct on the part of the juror.
The conviction and sentence appealed from are therefore affirmed.
O'NIELL, C.J., concurs, but thinks it would be sufficient to say, in answer to the first ground of the motion for a new trial, that the Constitution — not the decisions of this court — limits our jurisdiction to questions of law in criminal cases.