DIXON, Justice.
Defendant was charged with having violated Louisiana Criminal Code article 69 by receiving stolen things. Defendant was convicted on the uncorroborated testimony of the confessed thief, Henry Brown, who testified that he had burglarized a store near Clinton, Louisiana, and that he later sold to defendant in Baton Rouge certain cigarettes taken in the burglary. The confessed burglar testified that he did not tell defendant where he got the cigarettes, and that defendant did not ask. The cigarettes were sold at a bargain price from a private automobile on a street corner in Baton Rouge, and the jury evidently felt that defendant “had good reason to believe that the thing was the subject of * * * robbery or theft.” Louisiana Criminal Code article 69.
- The stolen - cigarettes sold- to' defendant never were ’ found and -never were introduced. The State in its brief contends that the testimony of the prosecuting witness was corroborated by a co-burglar, by the testimony of the owner of the burglarized grocery store to the effect that cigarettes had been taken from his place of business, and by the testimony of deputy sheriffs to the effect that they had recovered some of the stolen merchandise from the homes of the burglars. All this well may corroborate the burglary. But the fact remains that there is no testimony or demonstrative evidence to corroborate the sale of stolen cigarettes to defendant.
Defendant reserved no bills of- exception on the trial, but rather filed a motion for new trial, claiming:
“The only evidence adduced at the; trial against the defendant was the testimony of an alleged accomplice, a criminal convicted many times and presently incarcerated at the state penitentiary at Angola, a man of doubtful character and .veracity; that since the aforesaid constituted the only evidence against the defendant, it would be assumed that contrary to law of this State that the jury considered the fact that the accused did not take the stand to testify in his own defense; therefore rendering the verdict of the jury contrary to the evidence and the law.”
*799 When the motion for new trial was denied, defendant reserved his solitary bill of exception. We find no error in the trial judge’s, ruling denying defendant’s motion for new trial. Defendant nowhere contends that the prosecutor commented on the failure of the defendant to testify. Indeed, the judge charged the jury that “no inference of any kind may be drawn from the failure of the accused to testify.”
The sole question remaining, then, is whether a person may be convicted in Louisiana upon uncorroborated testimony of an accomplice. The trial judge correctly charged the jury: “An accomplice does not become incompetent as a witness because of participation in the crime charged. However, the jury should keep in mind that such testimony is always to be received with caution and weighed with great care.”
This court has held:
“ * * * the rule is well settled that, while the testimony of a codefendant or coadjutor in a crime should be received with extreme or at least a great deal of caution, yet a jury or the judge before whom the case is tried may convict on the uncorroborated testimony of such accomplice, if deemed sufficient by such judge or jury.” State v. Feraci, 167 La. 78, 80, 118 So. 699 (1928). Accord, State v. Goins, 232 La. 238, 273, 94 So.2d 244 (1957).
“His being an accomplice affects his credibility only, of which the jury is the judge, subject to no review on appeal.” State v. Gunter, 208 La. 694, 713, 23 So.2d 305 (1945).
Our Constitution states: “The appellate 'jurisdiction of the Supreme Court shall also extend to criminal cases on questions of law alone. * * *” Louisiana Constitution, article 7, § 10. “Repeatedly this court has decided that in a criminal case it would not consider the evidence of guilt or innocence on appeal.” State v. Glover, 125 La. 655, 656, 51 So. 677 (1910). In State v. Rogers, Justice Hamlin of this court said:
“ * * * neither the appellate nor supervisory jurisdiction of the Supreme Court can be invoked to review the granting or the refusal to grant a new trial except for error of law.” State v. Rogers, 241 La. 841, 909, 132 So.2d 819, 843 (1961).
In State v. Allen, this court said:
“We will say, in conclusion, that we have given this case on all questions of law involved our most careful attention. We have nothing to do with purely questions of fact relating to guilt or innocence. This was within the province of the jury.” State v. Allen, 129 La. 733, 748-49, 56 So. 655, 660 (1911).
Accordingly, the conviction and sentence are affirmed.