319 So.2d 400 (1975)
STATE of Louisiana
v.
Willie CARNEY, Jr.
No. 56032.
Supreme Court of Louisiana.
October 1, 1975.
*401 Fred C. Jackson, St. Francisville, for defendant-appellant.
William T. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., Cynthia Picou Branton, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Willie Carney, Jr., was indicted by the grand jury of West Feliciana Parish for the second degree murder on August 11, 1973 of Irving Breaux in violation of Article 30.1 of the Criminal Code.
Insofar as it is pertinent to this case, Article 30.1 provides: "Second degree murder is the killing of a human being: (1) When the offender has a specific intent to kill or to inflict great bodily harm . . . ." After trial by jury, Carney was found guilty and sentenced to imprisonment at hard labor for life, not eligible for parole, probation or suspension of sentence for twenty years.
One assignment of error is relied upon in support of this appeal. It is alleged that there is "insufficient evidence to justify a verdict of guilty." Aside from the fact that the assignment of error sets forth "insufficiency of the evidence" as a basis for error, it is nowhere set forth in the assignment of error or in brief the particular element of the crime concerning which the evidence is wanting.
The jurisdiction of this court, in criminal cases, is confined to questions of law, and the question of the sufficiency of the evidence is one of fact, to which, therefore, that jurisdiction does not extend. La.Const. Art. VII, ¶ 10(7) (1921); State v. Singleton, 252 La. 976, 215 So.2d 512 (1968); State v. Steuer, 138 La. 303, 70 So. 233 (1915).
Even an allegation that there is complete lack of evidence to support the proof essential to a valid conviction without pointing out the particular element of the crime as to which the proof is wanting presents nothing for review by this court. La.Code Crim.P. arts. 852 & 858, State v. Collins, 306 So.2d 662 (La.1975); State v. Bueche, 243 La. 160, 142 So.2d 381 (1962).
Notwithstanding the failure to properly present the issue, the entire record has been carefully reviewed, and it is found that there is evidence of the essential elements of the crime. Since there is some evidence of the essential elements of the crime, determination of the weight, credibility and sufficiency of that evidence is a matter of fact bearing upon the guilt or innocence of the accused. It is not a question of law upon which this Court can pass. La.Const. art. VII, ¶ 10(7) (1921).
The killing occurred in a dormitory of the penitentiary at Angola. The victim's death was verified by the coroner *402 and the act of killing was witnessed by Davis Benoit a penitentiary employee. He testified that Carney and his brother stabbed the victim a number of times as the result of a fight in which they were engaged because of a verbal exchange between them. The victim had no knife or other weapon. Although other eyewitnesses testified that the victim did have a knife and was the aggressor in the affray, they were prisoners whose credibility was questioned on cross-examination. The credibility of the testimony and the weight to be given to it is a question for the jury. Undoubtedly the jury accepted the witness Benoit's testimony. This was their province and the numerous stab wounds furnished adequate evidence of the requisite "specific intent to kill or to inflict great bodily harm" as Article 30.1 requires, for "though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction." La.R.S. 15:445. See also La.R.S. 15:444.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON and BARHAM, JJ., concur.