No. 10,741.

THE STATE OF LOUISIANA VS. LEZUNE ASHWORTH.

This court can not take cognizance of evidence embodied in a bill of exception to the denial of a new trial when said evidence was submitted to the jury on the trial of the accused.

This court can not review the verdict of the jury on the facts before them on the trial of the accused.

The description of the offence, in the language of the statute, is sufficient.

APPEAL from the Twelfth District, Parish of Rapides. *Blackman, J.*

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*John C. Ryan* for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J.    The accused was indicted under Act No. 11 of 1882, for resisting an officer while serving on defendant a warrant for his arrest.

He was convicted and sentenced to hard labor.    He appeals from the verdict and sentence.

The motions for a new trial and in arrest of judgment were overruled.

There was no testimony offered on the motion for a new trial and embodied in a bill of exceptions.

In the bill, reserved to the ruling of the District Judge in denying· the new trial, the testimony offered on the trial and submitted to the jury is embodied.

We can not review this testimony.    In the case of the State vs. Nelson, 32 An. 842, we had occasion to determine the power of this court, in passing upon questions of law in criminal cases, to look into the facts with which these questions of law are blended.    In this case we said:

"The prohibition to the exercise of the jurisdiction of this court lies to its power to find pure questions of fact, such as were submitted to and found by the jury.   The inhibition does not extend to the questions of law, based upon facts submitted to and determined by the judge.   Of course this court could not review under any circumstances the verdict of the jury on the facts before them on the trial of the accused.   The court has, therefore, authority to consider the facts established on a motion for a new trial, when they are such as were not submitted to and passed upon by the jury, but were considered and decided by the judge only."    State vs. Chatham, 34 An. 821; State vs. Hudson, 32 An. 1052; State vs. Belden, 35 An. 823; State vs. Spooner, 41 An. 781.

The several reasons assigned for the arrest of judgment are to the effect that the offence was improperly set forth in the indictment.

The description of the offence is in the language of the statute. This is sufficient.

Judgment affirmed.