Under the circumstances, the claim is due and should be paid.

Appellee also urges that Wellman, the subcontractor, was the real surety, and not Mr. McCutcheon, who acted only at his, Wellman's instance, and in his interest; that this plaintiff was the only bondsman; that, in consequence, the former is estopped.

The proof does not sustain that plea, and therefore it cannot be sustained.

It is ordered, adjudged, and decreed that the judgment of the Court of Appeal is avoided, reversed, annulled, and that the judgment of the district court be, and the same is hereby, reinstated and made the judgment of this court, and that the cause be, and it is, remanded to the district court for execution.

The costs of the Court of Appeal and of this court are to be paid by defendants and original appellants, Mrs. and Miss Hoss.

---

(38 South. 152.)

No. 15,551

STATE v. MECHE.

(Feb. 27, 1905.)

CRIMINAL LAW—ARGUMENTS OF COUNSEL.

Defendant, indicted for murder, and found guilty without capital punishment, seeks reversal of the verdict and sentence on the ground that the district attorney, in his closing address to the jury, applied opprobrious epithets to him, to his prejudice. The district attorney did not pass beyond the limits of legitimate argument. The views of the Supreme Court on that subject are announced in State v. Johnson, 19 South. 213, 48 La. Ann. 89, and are affirmed.

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Philip Sidney Pugh, Judge.

Homere Meche was convicted of murder, and appeals. Affirmed.

Veazie & Pavy and Percy Thompson Ogden, for appellant. Walter Guion, Atty. Gen., and William Campbell, Dist. Atty. (Lewis Guion, of counsel), for the State.

NICHOLLS, J. The defendant, indicted for murder, was by the verdict of the jury found guilty without capital punishment, and sentenced accordingly. He appeals; his ground of complaint being set forth in a simple bill of exceptions, in which it is recited that, while the district attorney was delivering the closing argument to the jury, he charged the defendant, among other things, with being "an incarnate devil."

Whereupon the defendant, through his counsel, objected to this comment on facts calculated to prejudice, which had no bearing on the issues, and evidence of which would have been ruled out, as the general reputation of defendant as a peaceable, quiet, and law-abiding citizen had not been put at issue. But the judge presiding failed of his own motion to give such instructions as would efface from the minds of the jurors the impression created by the district attorney by his statement that the defendant was an "incarnate devil."

This bill having been submitted to the district attorney, he stated therein that he told the jury that Homere Meche, the defendant, when he shot and killed W. H. Bruner, had acted like a devil incarnate, and had shot Bruner without right or reason. The judge adds at the foot of the bill:

"The court adopts the reasons given by the district attorney, the argument having been

made as stated by him. The evidence showed a cold-blooded and deliberate murder."

We had occasion in the case of State v. Johnson, 48 La. Ann. 87, 19 South. 213, to express our views very fully upon a complaint of the same character as that raised in this case. Those views we reaffirm and refer to. In that case we said that matters of that kind could, as a general rule, be left to the supervision and control of the district judge. In the present instance the statement of the judge negatives the idea that the district attorney, in his argument, had trespassed beyond the limits of language justified by the evidence adduced on the trial, while the qualified verdict which was found negatives the belief that the remarks objected to had led to any prejudice or bias against the accused by the jury. We make the following extracts from the Encyclopædia of Pleading & Practice, vol. 2, pp. 716, 747, 748, and the notes on those pages.

Volume 2, p. 716, heading, "Arguments of Counsel":.

"He may argue such conclusions from the testimony as he pleases, provided he does not misquote witnesses. He may urge that the natural presumptions are against even uncontradicted testimony, and deduce an admission of crime from an ambiguous statement by the defendant. And the fact that his argument is illogical is not enough to put the court in error in refusing to arrest it upon request."

Volume 2, p. 747, heading, "Invective and Abuse Justified by the Evidence":

"Just and fierce invective, when based upon the facts in evidence and all legitimate inferences therefrom, is not discountenanced by the courts."

Numerous authorities in note 1. Page 748, in note 1, we find:

"Defendant's Fiendishness. It is legitimate for the prosecuting attorney to denounce the fiendishness of the defendant, as disclosed by the facts and circumstances reflecting seriously upon him. Snodgrass v. Com. (Va. 1893) 17 S. E. 238."

Heading, "Abusive Language—Discretion of the Court":

"It is usually within the discretion of the court to determine whether counsel transcends the limits of professional duty and propriety by the use of coarse and abusive language and epithets, and the exercise of this discretion will not be reviewed by an appellate court, except where counsel are permitted to travel out of the record, or to persist in disregarding the admonitions of the trial judge, or to indulge in remarks of a material character so grossly unwarranted and improper as to be clearly injurious to the right of the party assailed."

It is evident that this case does not come under the head of those where comment is made by the district attorney on the fact that defendant does not testify, where it has been determined that it is an injury per se, and that, though the trial judge is requested to charge the jury that they must disregard the remarks of the district attorney, and does so, the injury is not repaired. In the case at bar no such request was made, and the defendant has not placed himself in a position to ask this court to intervene, even if an injury was committed.

We find no ground for reversal in this case, and therefore the judgment appealed from is affirmed.