LAND, J.
The defendant was indicted, tried, convicted, and sentenced for 10 years to the penitentiary for the crime of incest, as denounced by Act No. 78, p. 101, of 1884. Defendant has appealed, and relies for reversal on a number of bills of exception.
The first bill was taken to the overruling of a motion to quash the indictment for the reason that it defines no crime or criminal offense known to the law.
The indictment follows the wording of the statute, omitting the words “without marriage” after the word “cohabit,” and a question similar to the one raised by the motion to quash was considered in State v. De Hart. 109 La. 570, 33 South. 605. In both cases the words “without marriage” following the word “cohabit” in the statute were omitted in the indictments.
*409 The second bill raises the same question by objections to evidence offered to prove that the accused had sexual intercourse with his own daughter. The word “cohabit,” as used in the statute in defining the offense “incest,” means sexual intercourse, whether within a common dwelling or elsewhere. “Incest” is defined to be “the crime of sexual intercourse or cohabitation between a man and woman.” Black, verbo. In the De Hart Case the court said that the statute referred to incestuous cohabitation in the sense of “carnal connection.” The statute forbids both intermarriage and cohabitation without marriage, and the word “cohabit” in the sense of the statute implies intercourse between a man and woman who are not married. The crime is the same whether the parties be married or not. It suffices for the state to allege and prove intermarriage or cohabitation.
The third bill was taken to the action of the judge in allowing the jury to separate before the case was given to them under the charge of the court. No prejudice to defendant is shown as the result of such separation. In State v. Crosby, 4 La. Ann. 435, the court said:
“There is no complaint of misconduct on the part of the jury. It is only in capital cases that juries are not permitted to separate after being sworn. In cases not capital, it is discretionary with the judge to permit them to disperse until he has delivered to them his charge. State v. Hornsby, 8 Rob. 558, 41 Am. Dec. 305; Wharton, C. L. 644.”
The rule of practice thus enunciated has ever since been followed in this state, and has never been questioned. It was recognized by citation of authorities in State v. Craighead, 114 La. 84, 38 South. 28, a capital case recently decided.
The fourth bill was reserved to the overruling of the motion for a new trial, which was not supported by any evidence. The ground that the verdict was contrary to the law and the evidence cannot be reviewed by this court. The only other ground not already disposed of is the statement in the motion that the district attorney denounced the accused in argument as a “monster,” and the court did not rebuke him when requested. The trial judge in his per curiam states that the district attorney remarked to the jury that the accused had been shown by the evidence to be a monster. If the evidence showed the offense charged, the remark of the prosecuting officer was fully justified. In the interest of proper practice, however, we must say that such an objection should appear by bill of exception reserved during the trial, and not for the first time in a motion for a new trial.
We see no error in the rulings complained of, and the judgment is therefore affirmed.