LAND, J.
The defendants were indicted for the robbery of one Oliver Williams; the articles feloniously taken from his person being described as $70 in lawful money of the United States and a check for $38.60 signed by S. Nelken. Four of the defendants were found guilty, “as charged in the bill of indictment,” and the fifth defendant was acquitted. From a sentence of five years at hard labor, the convicted defendants have appealed.
The case is brought up on four bills of exception, which we will consider in their order as they appear in the transcript.
1. On the trial, the prosecuting witness, Oliver Williams, testified that he was robbed of tbe sum of money and the check described in the indictment. The evidence adduced by the defendants developed the fact that the check referred to was cashed by one of the local banks some time prior to the day on which the alleged robbery was committed. The state, in rebuttal, was permitted, over objections of counsel for defendant, to elicit from the prosecuting witness the following statement as per curiam of the trial judge, to wit:
“He testified that the time the check for $38.01 was cashed he had another check for $14, which had been given to him by.Mr. Friedman, and that, needing some money, he asked another negro, whose name I do not recall, to take the Friedman check and get it cashed for him. Being unable to read and write, he handed both checks to the man, who could read, asking him to take the smaller one. The checks were payable to bearer. This man returned shortly afterwards and gave him the amount of the smaller check. He swore that he kept the other check in his pocketbook with the money of which he was robbed.”
The theory of the prosecution was that the negro friend selected the check for $38.01, got it cashed, paid his victim $14, and kept the remainder. The trial judge overruled the objections, and permitted the evidence to go to the jury, in order to enable the witness to explain the error in his testimony as to the check for $38.01, and to show that he had not intentionally misstated the facts. The judge cautioned the jury that the evidence was to be considered for this purpose alone, and that, before they could find the accused guilty, the evidence must convince them that the accused took the check described in the indictment or a sum of money from the prosecuting witness. The judge adds:
“Tbe evidence convinced me, as I was sure it did the jury, that Williams was robbed of *693 Quite a large sum of money and probably of several checks or duebills.”
The evidence was admissible for the particular purpose stated, and it was restricted to that purpose by the instructions of the court. Relevant evidence will not be excluded because it necessarily involves the mention of a separate crime. State v. High, 116 La. 79, 40 South. 538. It does not follow from the verdict that the instructions were disregarded by the jury. Proof of the larceny of the check was not essential to a conviction of the crime as charged. “Where the indictment alleges that several articles have been taken by robbery, proof of the robbery of one is sufficient.” Elliott on Evidence, vol. 4, 3135. Hence, proof that the sum of money stated in the indictment or any part thereof, was taken by robbery, was sufficient to sustain the charge.
2. A witness, Raehal, was permitted to testify in rebuttal over the objection of counsel for defendants, that the prosecuting witness usually carried in his pocket a considerable sum of money, and that a few days before the robbery he cautioned him in regard to the matter. The objections were that this testimony was not in rebuttal of any evidence adduced by the defense, that it-brought out new matter, and that it had a tendency to prejudice the minds of the jury by inducing the belief that other money had been taken. The judge says:
“In my opinion the evidence was admissible, though not of great importance.”
It seems to us that the evidence was adduced for the purpose of corroborating the testimony of the prosecuting witness that he had a considerable sum of money in his possession at the time of the robbery. The credibility of the prosecuting witness had been assailed by evidence adduced by the defense that his testimony as to the check was false. We think that the evidence objected to was admissible for the purpose of showing that, although the witness was mistaken as to the check, his testimony as to the money was probably true. On the other hand, if his possession of a considerable sum of money at the time of the robbery was not controverted by the defense, the testimony worked no prejudice.
3. While one of the accused, Brown, was being re-examined, the district attorney objected to a certain question propounded to the witness, but then withdrew his objection and “stated in the presence of the jury that he objected, because he did not desire to see the accused commit further perjury.”
Counsel for the defendants objected to the remarks as the expression of the private opinion of the prosecuting officer as to the guilt of the accused, and as well calculated to prejudice the minds of the jury. The judge says:
“I did not hear the remark, and I doubt whether the jury heard it, but for the objection and repetition by counsel for the accused. When my attention was called to the matter, I at once cautioned the jury against being influenced in the slightest degree by such remarks, or by anything except the law and the evidence. I am satisfied that the incident did not influence them.”
It is by no means clear from the recitals of the bill that the jury heard the objectionable remark. The statement that the remark was made “in the presence of the jury” would ordinarily justify the inference that it was heard by the jury; but, as the remark was also made in the presence of the judge, who did not hear it, the inference that the jurors heard it is not so clear. That the remark was improper is beyond dispute. The question, however, remains whether the jury was prejudicially influenced by the remark, notwithstanding the instructions of the court. The general rule is that the •interference of the court at the proper time nullifies the prejudicial effect on an improper statement made by the prosecuting officer during the course of the trial. This rule *695 is well stated in State v. Jones, 51 La. Ann. 106, 24 South. 595, as follows:
“Counsel in argument should confine himself to the facts brought out in evidence, and, where a prosecuting officer abuses the privilege of argument to the manifest prejudice of the accused, it is the duty of the judge to interfere, and if he fails to do so, and the impropriety is gross, it is good ground for reversal.”
It is only in very extreme cases that the interference of the court will not be considered sufficient to remove the prejudicial effect of an improper statement; such as an appeal to race prejudice (State v. Bessa, 115 La. 259, 38 South. 985), or a comment on the failure of the accused to testify in his own behalf (State v. Robinson, 112 La. 939, 36 South. 811). The remarks of the district attorney in the instant case were not of this character and we are not convinced that the jury disregarded the instructions of the court and permitted such remarks to influence their verdict.
4. The motion for a new trial was not supported by the affidavit of the defendants. The affidavit of one of their attorneys filed in this court cannot be considered.. In effect, the motion is based on the ground that the verdict is contrary to the law and the evidence.' The judge overruled the motion, because in his opinion the accused had a fair and legal trial, and the evidence amply justified the verdict. This court is without power to review the verdict of the jury on the facts of the case. State v. Ashworth, 43 La. Ann. 204, 8 South. 625; State v. McAdams, 106 La. 720, 31 South. 187; State v. Burton, 106 La. 735, 31 South. 291; State v. Colomb, 108 La. 253, 32 South. 351.
Judgment affirmed.