MONROE, J.
The natural tutrix of the minors Oliphant proceeded by rule, alleging that she had resigned her tutorship as to certain of said minors, that her resignation had been accepted, and that she had accounted to the “legal tutor”; alleging that an order had been made directing the recorder to cancel the inscription of said minors’ mortgage, and that he had refused to comply therewith, on the ground that she was incapable, thus, of devesting herself of her trust; further alleging that she was anxious to have the mortgage canceled in order to enable her to sell a small piece of real estate which was thereby incumbered and which was being advertised for taxes ; and praying that the recorder and the undertutor be ordered to show cause why said mortgage should not be canceled. The undertutor accepted service and submitted the rule, saying:
“No objection to cancellation of minors’ mortgage as requested by Mrs. Oliphant.”
The recorder filed no answer, but appeared through counsel. Plaintiff in rule testified that she had no means, or property, save the “little home” that she has tried to sell; that it is incumbered by a paving lien and a conventional mortgage; that, having no funds with which to pay them, she had resigned the tutorship in order that she might sell the property; that she has not remarried. On hearing the testimony so given and the counsel in the case, the judge a quo dismissed the rule, holding that, having accepted the tutorship of her minor children, plaintiff could not be permitted to resign, and, quoting the opinion of this court to the effect that:
“The rule is that the tutorship is a trust, which the person called to it is not free to decline. Article 253 of the Civil Code makes an exception in favor of the mother, but the exception is limited to not accepting. Nothing is said about resigning after having accepted. The French commentators on the corresponding article of the Code Napoleon (article 394) are divided in opinion.” In re Minors Long, 118 La. 690, 43 South. 279.
It appears, however, that, in the case thus referred to, the tutrix had remarried, and the opinion of the court continues as follows:
“Without deciding whether a tutrix may resign or not, before she has remarried, we hold that, when she has remarried and been retained in the tutorship, she is no longer at liberty to resign.”
The question whether a tutrix who has accepted and has not thereafter remarried is at liberty to resign was not, therefore, *482 decided in the case cited, nor do we feel called on to decide it in this case; since, even if we should hold the affirmative, we should not be able to order the cancellation of the minors’ mortgage, as there is no evidence in the record save that to which we have referred, and that would be an insufficient basis for such an order.
The judgment appealed from is therefore affirmed.