(125 So. 127)

No. 30084.

STATE v. JONES.

Nov. 4; 1929. Rehearing Denied Dec. 2, 1929.

C. H. McCain, of Colfax, for appellant.

Percy Saint, Atty. Gen., and Harry Fuller,

Dist. Atty., of Winnfield (J. W. Ethridge, of Colfax, and E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

OVERTON, J. ▮ Defendant was tried on a bill of indictment containing two counts. In the first count he was charged with unlawfully marking three certain hogs, belonging to T. B. Deen, and in the second count he was charged with unlawfully altering and defacing the marks on three certain hogs belonging to Deen. He was convicted on the first count and acquitted on the second count. Therefore the second count passes out of the case.

The first step taken by defendant in his defense was to ask for a bill of particulars. In this motion he asked, as relates to the first count, that the state be required to furnish the age and sex of the hogs alleged to have been marked and branded, the color of the hogs alleged to have been marked and branded, and the kind of mark and brand alleged to have been placed on the hogs. The motion was heard and overruled by a different judge from the one who sat at the trial, and the bill of exceptions, taken to the overruling of it, including the per curiam attached thereto, was signed by the judge who sat at the trial.

▮ The description of the hogs is unquestionably vague. However, in this instance, our conclusion is that defendant was not embarrassed in his defense by the vagueness. We are advised by the judge, who sat at the trial, and who signed the bill of exception, that it appeared upon the trial of the case that the three hogs described in the count on which defendant was convicted were penned by the owner, T. B. Deen, after they had been found marked in another's mark; that the defendant came to the pen to see these hogs after he had been arrested upon a justice of the peace warrant, charging him with the of-

fense of marking the hogs, and before he was indicted for the offense; that he therefore knew exactly what hogs he was charged with having marked; that defendant was not taken by surprise by any testimony offered by the state, and that he met the issue, not by claiming that he had marked any hogs, through error or mistake, nor by claiming that he was the owner of the hogs, but by denying that he marked any hogs at all. In view of the foregoing facts, which were certainly within the knowledge of the judge who signed the bill of exception, we fail to see wherein defendant has suffered any injury. Unless it appears that the error complained of has probably resulted in a miscarriage of justice, or is prejudicial to the substantial rights of the accused or constitutes a substantial violation of a constitutional or statutory right, the judgment of conviction should not be set aside. Code Cr. Proc. art. 557.

■ The second bill of exception was reserved to the overruling of an objection to a question propounded by the state to the prosecuting witness, seeking to elicit whether there were any other hogs in the bunch that had been marked with Charlie Jones' mark, which showed their marks to have been altered. Defendant objected to the question until evidence was offered connecting him in some way with the altering of the marks. The objection seeks to have the court control the order of proof. The order of proof is not within the control of the court, unless the evidence sought to be introduced requires the laying of a foundation for its admission, in which event the foundation must be laid first. Here the order of proof was not within the control of the court. Code Cr. Proc. art. 368.

■ The third bill of exceptions was taken to the overruling of an objection to a question seeking to elicit whether the witness, who was one of defendant's, was not testifying against the prosecuting witness, because the latter and some of his neighbors went to see him and warned him about handling meat furnished by the Joneses. The question was objected to as being irrelevant and immaterial, and as seeking to elicit a conversation had out of the presence of the accused, and as seeking to elicit evidence that was res inter alios acta, and was asked merely for the purpose of prejudicing the jury against the defendant. The question, which did not call for a conversation, was permissible for the purpose of showing what motives the witness had, if any, in testifying as he did, and thereby to elicit a fact touching his credibility. The answer to the question was admitted as evidence, for the restricted purpose of showing the credibility of the witness. There was no error in the ruling.

■ The fourth bill of exceptions was reserved to the following question propounded to one of defendant's witnesses, to wit: "Now, here is what I am working up to. Didn't you and Mr. Bill Jones catch those hogs with a bull dog, and mark them?" The question was objected to on the ground that it called for a conversation out of the presence of the accused. The objection was obviously inappropriate. The bill has no merit.

■ The fifth bill of exceptions was taken to the overruling of a question asked of Bill Holloway, a rebuttal witness for the state. The question is as follows: "Mr. Holloway, on the day that Mr. Kelly and others came to Mr. Deen's to look at those hogs, after Bill Jones had left, did Mr. Kelly not state to you at the pen that he helped Bill Jones to mark those hogs one Sunday, that they used a bull dog to catch them with, and marked them one at a time in Mr. Charlie Jones' mark, and

that it took them until about four o'clock in the afternoon?" The question was objected to, for the reason that it was a statement which, if made, was made out of the presence of the accused, and asked for the purpose of prejudicing the jury against him. A similar question had been asked the witness, Kelly, and he had denied having made any such statement. The question was asked for the purpose of impeaching Kelly by contradicting him, and thereby affecting the weight of his evidence. The answer to the question was admitted in evidence for the limited purpose of assisting the jury to determine the weight to be attached to the evidence of Kelly, and not as substantive evidence. The evidence was clearly admissible for that purpose.

■ The sixth bill of exceptions was reserved to the overruling of an objection to a question, asked by the state in rebuttal, the purpose of which was to show that defendant made the statement that he was the person who marked the hogs in his father's mark, and that his cousin, Wallace Jones, gave them to him. The question was objected to by defendant on the ground that its purpose was to elicit evidence which should have been offered in chief, and which cannot be offered in rebuttal. The state had offered several witnesses in chief, who testified that defendant made a similar statement to the one sought to be shown by the question asked, and the defendant, as a witness in his own behalf, had denied making the statement, when the question was asked. Defendant's denial was in rebuttal of the evidence already offered by the state. The evidence sought to be elicited by the question was, properly speaking, evidence which should have been offered by the state in chief. As stated in article 379 of the Code of Criminal Procedure, "the purpose of rebuttal evidence being to disprove, not to prove, the district attorney should offer at once and before the introduction of any evidence by the defendant all of the testimony upon which he relies for conviction, but the application of this rule must rest in the sound discretion of the trial judge." The trial judge therefore has some discretion as to the application of the rule. Where, however, he exercises this discretion, he should reserve the right of defendant to rebut the evidence thus permitted to be given, or at least permit him to do so, when defendant demands the right. Had the accused tendered a witness to rebut the evidence given in answer to the question objected to, and had the court excluded the evidence, so offered, we should be inclined to reverse the verdict and the sentence, but, as the defendant made no such offer, we feel that he has suffered no substantial injury, and hence shall not disturb the verdict on the ground here urged.

The seventh bill of exceptions was taken to a remark made by the district attorney, in his argument to the jury, in commenting on the testimony of R. N. Mundy, a witness for the defendant. The remark shown in the bill, which defendant contends that the district attorney made, is as follows: "This man Mundy was brought in here by Mr. McCain, attorney for this defendant, and persuaded and induced to this falsehood against Mr. Deen." The trial judge says in his statement, attached to the bill, that the district attorney did not make the statement charged against him, and then follows this comment by a statement of his recollection of what the district attorney said. This statement is too lengthy to reproduce here in full. It appears from the statement of the judge, however, that Mr. McCain, the attorney for the defendant, during

his argument, said that the state, in a former trial, had sought to convict a man upon the testimony of Mundy, and had vouched for Mundy's credibility; that the district attorney, in answer to this argument, said that no doubt Mr. McCain, during the trial of that case argued to the jury that Mundy's testimony was incorrect and untrue, and that evidently the jury believed Mr. McCain's argument, because they acquitted his client; then, as the trial judge remembered the argument of the district attorney, he said, in a joking manner, "that since R. N. Mundy had no friendly feeling for the prosecuting witness, T. B. Deen, and since he was friendly with the Joneses and had had some dealing with them concerning certain hogs, and since Mr. McCain knew what kind of witness R. N. Mundy had made in the former trial, that he might have told the defendant to see Mundy and see what he knew about this particular case."

When Mr. McCain objected to the remarks of the district attorney, the latter immediately said that they were made in a joking manner, and that he intended no reflection on Mr. McCain. The court also instructed the jury to disregard the remarks of the district attorney, objected to by counsel, and not to give them any weight in deciding the case. We think that the instructions given the jury were sufficient to remove the danger of any possible injury to defendant, and that consequently no injury resulted from the remarks. Marr's Crim. Jurisprudence (2d Ed.) § 668, p. 1024.

The eighth bill of exceptions was taken to the overruling of a motion for a new trial. The motion presents nothing which this court may review that has not already been considered.

Finding no prejudicial error in the proceedings, the judgment appealed from is affirmed.