(125 So. 862)

No. 30381.

**STATE v. GUSTOPOLIS.**

Jan. 6, 1930.

S. R. Holstein, of Winnsboro, for appellant.

Percy Saint, Atty. Gen., and Harry Fuller, Dist. Atty., of Winnfield (E. R. Schowalter, Asst. Atty. Gen., and C. W. Flowers, of Jena, of counsel), for the State.

LAND, J. Defendant has appealed from a conviction for manslaughter and a sentence or not less than 3 nor more than 4½ years in the state penitentiary.

1. On the trial of the case, bills of exceptions Nos. 1, 2, and 3 were reserved to the refusal of the trial judge to admit testimony offered by defendant as to threats made by the deceased, and difficulties between them before the homicide, in order to show who was the aggressor.

Among the reasons assigned for his ruling, the judge a quo states that there was no conflict in the testimony as to who was the aggressor; that there was no proof of an overt act or hostile demonstration upon the part of the deceased at the time of the killing; and that the testimony sought to be offered formed no part of the res gestæ.

As the testimony of the witnesses to the homicide is not in the record and annexed to any bill reserved, we must accept the finding of the lower court that there was no conflict in the testimony as to who was the aggressor, and that there was no proof of an overt act

or hostile demonstration on the part of the deceased at the time of the killing.

In the Code of Criminal Procedure, article 482, it is expressly provided that: "In the absence of proof of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible."

This court has repeatedly held that evidence of previous threats is not admissible until an overt act or a hostile demonstration upon the part of the deceased, at the time of the homicide, has been proven to the satisfaction of the trial judge, and that his conclusion from the testimony that no overt act has been proven is not final, but is subject to review on appeal. State v. Harvey, 159 La. 674, 106 So. 28; State v. Jefferson, 165 La. 941, 116 So. 391; State v. Dreher, 166 La. 924, 118 So. 85; State v. Leslie, 167 La. 967, 120 So. 614.

It is also well settled that: "It is only when the evidence leaves it doubtful as to who made the attack that evidence of prior threats is admissible for that purpose." State v. Sandiford (on rehearing) 149 La. 951, 90 So. 264, 267; State v. Miller, 125 La. 254, 51 So. 189; State v. McGarrity, 139 La. 437, 438, 71 So. 730; State v. Wooten, 136 La. 560, 67 So. 366.

■ The testimony as to previous threats and prior difficulties was not offered by counsel for defendant on the ground that it formed a part of the res gestæ, but solely for the purpose of showing who was the aggressor. One of the reasons given by the trial judge for the exclusion of the testimony is that it formed no part of the res gestæ. The ruling is correct upon this ground also, as it appears that the threats and difficulty offered to be proven occurred, in one instance, at Fred Halford's pool room in the town of Tul-los, seven or eight minutes or more before the shooting, which took place in a building two or three blocks from the pool room.

In another instance, the difficulty between the deceased and accused, sought to be proven, had taken place three or four weeks before the homicide.

2. Bill No. 4 was reserved to the overruling of a motion for a new trial, based upon the bills already disposed of, and on the ground that the verdict was contrary to the law and the evidence.

■ Defendant further complains in this motion that, while the jury was inspecting the scene of the homicide, he had been compelled to give evidence against himself.

The last contention is without merit, as it is admitted in the agreed statement of facts, found at page 29 of the transcript, that: "The defendant was not requested or required to disclose or demonstrate any facts whatever concerning the case. The jury did not request that defendant be taken to the building, but the defendant went there for the sole and only purpose of opening the building so that the sheriff might go inside. The purpose for which the sheriff was requested to open the building, with the jury standing in the position or place where it was then standing, was that the jury might determine whether or not a witness standing in such position and at such a place could see into the building, it having been testified by one witness that he was standing in that place and saw certain things in the building."

The trial judge found no merit in defendant's application for a new trial, and, in overruling same, declared that the verdict was sustained by the evidence.

■ 3. For the first time, defendant complains in his brief that he was not present at every stage of his trial. He was present voluntarily during the inspection of the building

in which the homicide occurred. So was defendant's counsel.

The presiding judge, the jury, the sheriff, and counsel for the state were also present. The sheriff, at the request of the jury, went with the defendant to the front of the building, some 80 yards from the jury, the whole front of the building being in plain view of the jury, and, at the sheriff's request, defendant opened the doors of the building, as defendant had the keys. The sheriff went inside. The defendant stepped through the open doors, and entered the front room of the building, and opened the rest of the doors, and was in the building during the time the sheriff was there.

No objection was made by the defendant, at the time, as to the remote position occupied by the jury. No exception of any kind was taken by him during the inspection of the building. Besides, defendant has shown no prejudice or injury whatever resulting to him from the manner in which the inspection was made by the jury.

In disposing of a similar question in State v. Scruggs, 165 La. 870, 116 So. 206, 216, we held that, "as no complaint was made at the time, it was too late to complain on a motion for a new trial. State v. Henderson, 113 La. 232, 36 So. 950; State v. Hauser, 112 La. 313, 36 So. 396; State v. Moore, 119 La. 564, 44 So. 299; State v. White, 152 La. 614, 94 So. 135."

Necessarily, under these circumstances, it is now too late for defendant to make complaint on appeal that he was not present at every stage of the trial, by mere assignment of error in his brief.

It is ordered that the conviction and sentence appealed from be affirmed.

O'NIELL, C. J., concurs in the decree on the ground that no evidence whatever was offered to show that the deceased was the aggressor or provoked the fatal difficulty, and all of the evidence showed that the accused was.