(133 So. 349)

**STATE v. TAYLOR.**

No. 31063.

March 2, 1931.

A. V. Pavy and Leon S. Haas, Jr., both of Opelousas, for appellant.

Percy Saint, Atty. Gen., R. Lee Garland, Dist. Atty., of Opelousas, and E. R. Schowalter, Asst. Atty. Gen., for the State.

BRUNOT, J.

The accused was indicted and tried for murder. The jury found him guilty of manslaughter, and, from that verdict and the court's sentence to imprisonment in the Louisiana State Penitentiary for not less than one nor more than three years, he appealed.

There are nine bills of exception in the transcript.

Bill No. 1 was reserved to the overruling of a motion to quash the indictment and bill No. 1½ was reserved to the overruling of an objection, by the defendant, to the assistant district attorney participating in the prosecution of the case. Both of these bills are based upon a collateral attack upon the assistant district attorney's title to the office, and they may therefore be considered together.

It has been so often held that title to public office cannot be collaterally attacked that it seems superfluous to cite the authorities. A long list, however, may be found under paragraph 41, p. 694, vol. V, Louisiana Digest. The rule extends to all officers alike, whether executive or judicial. They can only be required to show that they are acting under color of title to the office. The rule that the acts of a de facto officer may only be called in question in proceedings to which he is a party is sanctioned by the great weight of authority in England and the United States. The trial Judge ruled accordingly and the rulings are correct.

### Bill No. 2.

This bill was reserved to a remark made by the assistant district attorney in the presence of the jury. Dr. Bienvenu was sworn as a state witness. He was asked if he was present when an operation was performed on the deceased. He answered that he was not present. The state then tendered him for cross-examination, and counsel for the defendant propounded a question to the witness relating to the injuries received by the defendant at the time of the homicide, whereupon the assistant district attorney said: "If the defendant could produce no witnesses who would testify in his behalf, they would produce the witnesses for him." Counsel for defendant objected to the remark, and the court immediately instructed the jury to disregard it. The remark was not pertinent. It could not have prejudiced the defense, for jurors are presumed to be, at least, ordinarily intelligent men. The remark was nothing more than a harmless error.

"Except in extreme cases, the presumption is that the prejudicial effect on the jury of improper remarks made by counsel for the state was removed by the instructions of the court to the jury to disregard the same." State v. Easley, 118 La. 690, 43 So. 279; State v. Heidelberg, 120 La. 300, 45 So. 256.

To the same effect is State v. Johnson, 48 La. Ann. 87, 19 So. 213; State v. Spurling, 115 La. 790, 40 So. 167; State v. Meche, 114 La. 231, 38 So. 152; State v. Gibson, 120 La. 343, 45 So. 271; State v. Montgomery, 121 La. 1005, 46 So. 997; State v. Jones, 169 La. 291, 125 So. 127, 129.

### Bill No. 3.

This bill was reserved to the overruling of an objection to the state's proving that the defendant had previously been convicted of a crime of a different character from that for which he was being tried. After the defendant had taken the stand and testified, in chief, as a witness in his own behalf, he was tendered to the state for cross-examination, and was asked whether or not he had ever been convicted of larceny. The objection to this question is based upon two grounds, viz.: That the character of the defendant was not at issue, and that the character of the crime sought to be proven was distinctly different from the crime for which he was standing trial. The evidence was offered to impeach or affect the credibility of the witness. Evidence of any previous conviction of crime is admissible for that purpose. Article 495, Code of Criminal Procedure is as follows:

"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness. But before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; provided, always, that a witness, whether he be the defendant or not, may be compelled to answer on cross-examination whether or not he has ever been indicted or arrested and how many times."

The court's per curiam to this bill is an accurate, concise statement of the law, and the jury was properly instructed with reference to the testimony. The per curiam is as follows:

"The defendant having taken the witness stand in his own behalf, submitted himself to the rule that applies to any witness in a criminal case, and, for the purpose of testing his credibility, the state had a right to make him admit that he had been convicted of another crime in this Parish. This evidence

was restricted to the credibility of the witness, and the jurors were instructed to consider it only in that respect."

In a recent case, State v. Sanderson, 169 La. 55, 124 So. 143, 146, the exact question we are considering was presented to this court, and it was there held that:

"However, the question propounded would have been admissible under the jurisprudence as it stood prior to the adoption of the Code of Criminal Procedure. It was relevant as seeking to elicit evidence touching the credibility of the witness, and was therefore connected with, or was incidental to, the examination in chief, for the evidence sought to be elicited might affect everything the witness testified to in chief. State v. Foster, 153 La. 154, 95 So. 536; State v. Thompson, 161 La. 298, 108 So. 543."

### Bill No. 4.

■ This bill grew out of the following incident. While the accused was testifying, on cross-examination, the state attempted to prove by him that while he was serving a sentence in the penitentiary he had left that institution without leave. Counsel for defendant objected, and the court excluded the testimony as being irrelevant and immaterial. When the cross-examination of the accused was concluded, his counsel, on redirect examination, attempted to prove by him that he had voluntarily returned to the penitentiary. Upon objection by the state, the court excluded the testimony. Counsel for the accused excepted to the ruling and reserved this bill. The accused first succeeded in excluding proof of his escape from the penitentiary, but later attempted to introduce facts in connection therewith which, if admitted, might have been favorable to him. All testimony relative to the accused's previous flight from and return to the penitentiary was excluded as being irrelevant. We think the ruling was eminently correct.

### Bill No. 4½.

■■ This bill was reserved to the exclusion of testimony offered by the accused relative to the time he remained in the penitentiary under sentence for the crime of larceny, and whether he had been pardoned of that crime. The judge held that the term of incarceration of the accused under the sentence for larceny, and the issuance of a pardon for that offense, were irrelevant to the issues of this case. This court has held in State v. Baptiste, 26 La. Ann. 134, and State v. Robert E. Lee, 132 So. 219,[1] that an executive pardon, if it be a full pardon, must be given full force and effect, whether granted before or after the term of imprisonment has expired. That effect is to give to the person to whom it is granted a new character. It makes of him a new man, and it removes his disabilities. We think the testimony relative to the length of time the accused was incarcerated was properly excluded. It was irrelevant, and, as to it, the ruling was consistent with the judge's previous ruling on bill No. 4. But we think the full pardon of a convict must be held to have the effect of reestablishing his credibility as a witness, and, inasmuch as proof of the conviction of the accused had gone to the jury, over his objection, for the emphasized purpose of impeaching his credibility, proof of the pardon of the accused was thereby made relevant to the issue, and it was prejudicial error to deny him the right to rebut the effect of that proof upon the jury.

■ It appears from the court's per curiams to bills Nos. 5 and 6 that the rulings excepted to are correct. There is a difference between the recitals of these bills and the court's state-

[1] 171 La. 744.

ment of the facts. No testimony is attached to either bill, or found in the record, and there is no minute entry at variance with the judge's statement of the facts. The statement of the judge must therefore be accepted as correctly reflecting the facts.

Bill No. 7 is merely pro forma. It presents nothing for review.

Finding that, under the circumstances shown, the exclusion of proof, by the accused, of the granting to him of a pardon for the crime of larceny was prejudicial error, the verdict and sentence appealed from are set aside, and the case is remanded for trial according to law and the views herein expressed.