ROGERS, Justice.,
 

 Olan Disotell, the defendant, was convicted on an indictment for manslaughter, and has appealed from the conviction and sentence imposed thereunder.
 

 On the trial of the case, defendant contended that he killed the deceased in self-defense, and he complains of the ruling of the trial judge refusing him permission to. prove the dangerous reputation of the deceased and that he had knowledge of that reputation prior to the killing.
 

 An accused, relying on self-defense, does not have the burden of proving that the killing was justifiable; but the state has the burden of proving beyond a reasonable doubt that the killing was not justifiable. State v. Varnado, 128 La. 883, 55 So. 562.
 

 Proof of the dangerous character of the deceased was properly excluded by the trial judge, because, as disclosed by the record, the deceased had not committed any overt act or made any hostile demonstration, and the defendant himself was the aggressor in the fatal difficulty. The trial judge, in his statement per curiam, says: “The great weight of the evidence in the case was to the effect that defendant was the aggressor and that deceased made no hostile demonstration.”
 

 The rule prevailing in this state is set forth in section 68, page 129, volume 1 of Marr’s Criminal Jurisprudence (2d Ed.) as follows, viz.:
 

 “Whether offered in mitigation or in justification, the dangerous character or reputation of deceased, or his previous acts, conduct toward, quarrels with or threats against accused, can not be given in evidence until the proper foundation has been laid by proof of overt act or hostile demonstration on the part of deceased; that is to say, it must first be shown to the point of reasonable sufficiency, by preponderance of evidence, by competent testimony, that at the time of the killing accused was himself previously attacked or threatened with immediate danger by deceased.” A number of cases are cited by the author in support of his statement of the rule, beginning with State v. Chandler, 5 La. Ann. 489, 52 Am. Dec. 599, and ending, with State v. Sandiford, 149 La. 933, 90 So. 261. The rule was also approved and followed in the following eases, viz.: State v. Poole, 156 La. 434, 100 So. 613; State v. Doty, 156 La. 842, 104 So. 736; State v. Joiner, 161 La. 518, 109 So. 51; State v. Gustopolis, 169 La. 707, 125 So. 862.
 

 Defendant objected to’ the following language used by the district attorney in his argument before the jury as being improper and prejudicial, viz.:
 

 “Gentlemen of the Jury, you might wonder why the Grand Jury did not find a bill of indictment for murder rather than manslaughter when the evidence discloses so plainly a case of murder; but, Gentlemen of the Jury, numbers of the best citizens of the Doyline community and several of whom have testified for the defendant to-day as
 
 *154
 
 ■character witnesses, testified that they went before the Grand Jury and the Grand Jury was very kind to the defendant in only finding a bill for manslaughter.”
 

 Defendant’s objection was the subject of immediate action by the trial judge, whose statement of the incident is as follows, viz.:
 

 “While the remarks of the district attorney may have been prejudicial to defendant, I immediately charged the jury that it was its duty to rest its verdict in the case solely on the evidence from witnesses, and the law as charged by the court, and to disregard all statements of counsel not borne out by the record. The jury was also charged in the general charge that the findings of a bill of indictment raises no presumption of guilt; ■on the contrary, that the defendant when put on trial was presumed to be innocent.”
 

 The trial judge virtually sustained defendant’s objection to the remarks of the district attorney by instructing' the jury to disregard them. The instruction sufficed to protect the defendant fully. State v. Seal, 175 La. 103, 143 So. 18.
 

 Except in'extreme eases, the presumption is that the prejudicial effect on the jury of improper remarks by counsel for the state was removed by the instructions of the court to disregard them. State v. Easley, 118 La. 690, 43 So. 279; State v. Heidelberg, 120 La. 300, 45 So. 256; State v. Montgomery, 121 La. 1005, 46 So. 997; State v. Jones, 169 La. 291, 125 So. 127; State v. Taylor, 172 La. 20, 133 So. 349.
 

 Defendant’s motion for a new trial, which was overruled, aside from reurging the complaints we have disposed of, merely alleges that the verdict was contrary to the law and the evidence.
 

 A new trial cannot be obtained on the mere allegation that the verdict was contrary to the law and the evidence. State v. McKee, 170 La. 630, 128 So. 658.
 

 For the reasons assigned, the conviction and sentenced appealed from are affirmed.
 

 O’NIELL, O. J., dissents from the ruling excluding evidence of the dangerous character of the man who was killed.