SUMMERS, Justice.
Jules Carite was charged in a bill of information with possession of two marijuana cigarettes. (LSA-R.S. 40:962). He pleaded not guilty, was tried, convicted, and sentenced to six years at hard labor. This appeal followed.
During the closing argument to the jury the assistant district attorney, as attorney for the State, said:
“Because the defendant has not been convicted before does not mean it’s the first time he was arrested or possessed narcotics.”
Defense counsel objected and asked for a mistrial. The trial judge overruled the motion and instructed the jury as follows:
“The jury is instructed to disregard any argument of the district attorney with respect to any arrest on the part' of this defendant, Disregard that, gentlemen, and put it out of your minds as not having been made.”
At this juncture counsel for the accused’ reserved a bill of exceptions.
Under Article 381 of the Code of Criminal Procedure, in making the closing argument counsel “ * * * must confine themselves to matters as to which evidence has been received, or of which judicial cognizance is taken, and to the law applicable to the evidence; and counsel shall refrain, from any appeal to prejudice.”
Additionally, Article 495 of the Code of Criminal Procedure, as amended, provides:
“Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness * * * and no witness, whether he be defendant or not, can be asked' on cross-examination whether or not' he has ever been indicted or arrested,, and can only be questioned as to conviction, and as provided herein.” (Emphasis supplied.)
According to the explicit provisions of the Code of Criminal Procedure, set out-above, it was error for the State’s attorney in the closing argument in the instant proceeding to refer to the possibility of other arrests, involving Carite, as: evidence of this nature could not have been,, and was not, introduced during the trial.. The State’s attorney very fairly concedes-this error. However, it is the State’s contention in answer to this bill that the error which its attorney committed was effectively cured by the judge’s instructions to the.' jury. In support of that contention reliance is had upon State v. Maney, 242 La. 223, 135 So.2d 473 (1961); State v. Disotell, 181 La. 149, 158 So. 825 (1934); State v. Taylor, 172 La. 20, 133 So. 349 (1931); State v. Jones, 169 La. 291, 125 So. 127 (1929); State v. Montgomery, 121 La. 1005, 46 So. 997 (1908); State v. *23 Heidelberg, 120 La. 300, 45 So. 256 (1908); State v. Easley, 118 La. 690, 43 So. 279 (1907).
None of the cases cited are precisely in point, but they generally support the proposition applicable to this case, also announced in State v. Dowdy, 217 La. 773, 47 So.2d 496 (1950) as follows:
“The general rule is that instructions of the court at the proper time nullifies the prejudicial effect of an improper statement made by a prosecuting officer during the course of the trial. See State v. Brown, 166 La. 43, 116 So. 588. It is only in extreme cases, we believe, that the prejudice cannot be so removed * *
The question thus presented is whether prejudice resulted to the accused by the erroneous statement made in the closing argument of the assistant district attorney and was that prejudice .removed by the court’s instructions to the jury to disregard the statement.
In State v. Maney, supra, we observed that the propounding of a question by the district attorney to the accused on trial ■concerning previous arrests in contravention of Article 495 of the Code of Criminal Procedure was an error which was cured by the court’s instructions to the jury to ■disregard the question. In that case the ■question was withdrawn by the district attorney and the jury was instructed to disregard the question. There the accused was not required to answer the question. But the case before us is different; the remarks of the district attorney were made in closing argument to the jury concerning .a previous arrest contrary to an express statutory provision prohibiting just that .and beyond the scope of the evidence. Such a remark in the argument to the jury is more than a question, it amounts to a statement of fact. It is an unfair comment upon a fact concerning which there is no evidence.
The district attorney’s closing argument is the final impression implanted in the minds of the jurors by the adversary counsel in the trial, which the accused has no opportunity to rebut either by taking the stand himself, calling witnesses or producing other evidence — not even by denunciation of the remark by his own counsel’s argument.
In this case the remarks of the State’s attorney are so clearly improper that, it would impeach “the legal learning of the attorney to say that he did not know that they were manifestly improper and wholly unjustifiable”, being prohibited, as those remarks were, by a clear legislative pronouncement. People v. Jones, 293 Mich. 409, 292 N.W. 350 (1940)State v. Rhys, 40 Mont. 131, 105 P. 494 (1909). See Annot. 109 A.L.R. 1089 (1937); 19 La. L.Rev. 881. See, also, State v. Smith, 196 La. 652, 199 So. 791 (1941); State v. Henry, 196 La. 217, 198 So. 910 (1940); State v. Young, 153 La. 605, 96 So. 275 (1923); State v. Dwyer, 133 La. 731, 63 So. 305 (1913) ; State v. Riggio, 124 La. 614, 50 So. 600 (1909); State v. Thompson, 106 La. 362, 30 So. 895 (1901); cf. State v. Jackson, 106 La. 413, 31 So. 52, where admission in evidence of an affidavit that formed the basis for accused’s arrest was held to be prejudicial.
If the provisions of Article 495 of the Code of Criminal Procedure are to have any effect at all they must be applied in this case. That codal article sought to clothe the accused with a mantle of protection against any evidence of prior arrests for the reason that the inference and innuendo flowing therefrom are prejudicial. If the jury is told that the accused was arrested for possession of narcotics once, the implication is that the accused would do it again. It furthermore destroys the accused’s credibility in the minds of the jury. Any other result would fail to comprehend the .realities of the case and the prejudice to the accused ensuing from such a statement which the legislature in adopting the codal article clearly recognized. Code of Crim.Proc. art. 557. The prejudice to the accused created by the remarks could not *24 be effectively erased by the judge’s remonstrance to the jury.
For the reasons assigned the conviction and sentence are annulled and set aside and the accused is granted a new trial in accordance with law.
HAMITER, J., dissents.