SANDERS, Justice.
The defendant, Harold Lee Howard, was charged with aggravated battery upon Joe Hinton.
At the first trial, Howard and his co-defendants, Willie Lee Goree, Theodis Goree and Roy James Goree, all negroes, were convicted. The defendants appealed. Having found a systematic exclusion of negroes from the jury bodies, this Court reversed their convictions and remanded the case for a new trial. See State v. Goree, 242 La. 886, 139 So.2d 531.
Upon remand and the overruling of a motion to quash the petit jury venire, the Gorees entered pleas of guilty.
After trial, the jury found the defendant, Harold Lee Howard, guilty as charged. The Court sentenced him to’ imprisonment in the Louisiana State Penitentiary for a period of four years and six months. From the conviction and sentence, he has again appealed, relying upon five bills of exception reserved in the district court.
Bills of Exception No. 1 was reserved when the trial court overruled defendant’s motion to quash the petit jury venire on the ground of systematic exclusion of negroes from the general venire and petit jury list. The motion alleges that approximately 30 negroes were selected for the general venire composed of 300; that the number of negroes on the general venire was insufficient in view of the fact that negroes comprise 44 per cent of the population of Lincoln Parish, where the trial occurred. The defendant further alleges that no negroes were placed on the general venire from the *394 Town of Grambling, a community composed exclusively of negroes. He further complains that only one negro was drawn for the petit jury list, or venire. Based upon these allegations, Howard strenuously contends that he has been deprived of the equal protection of the laws as vouchsafed by the Fourteenth Amendment of the United States Constitution.
The rule is well settled that a defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment of the United State Constitution if he is indicted by a grand jury or tried by a petit jury from which members of his race have been excluded because of their race.[1]
Under the contentions raised by the defendant, we are required to determine whether the Jury Commission discriminated against negroes in the formation of the jury bodies. This is a question of fact.[2] The burden of establishing such discrimination rests upon the defendant.[3]
The evidence taken in connection with the motion to quash reflects that approximately 40 per cent of the population of Lincoln Parish are negroes. The Town of Grambling is located in Ward One of the parish. The town has a population of approximately 3000 negroes, including 1500 students who attend Grambling College located there. The defendant, Howard, was himself a student at the College.
Approximately 28 negroes were selected for the general venire, composed of 300 citizens. These were selected from the persons nominated routinely by each of the five Jury Commissioners from the ward or portion of the parish which he represented. At least eleven of the negroes selected were from Ward One. One of them operated a business in Grambling.
The Jury Commission selected five negroes for the grand jury list of 20 members. The evidence does not reflect how many negroes were drawn for the petit jury venire composed of 30 persons. Neither does it disclose how many, if any, negroes served on the petit jury panel that heard the case. However, the record does reflect the procedure followed by the Jury Commission in the formation of the petit jury venire. From the general venire list the Jury Commissioners first selected the list of grand jurors composed of twenty persons, five of *396 whom were negroes.[4] The members of the petit jury venire of thirty (as well as the Tales Jury) were then drawn, one at a time, from the General Venire Box which contained the remaining 280 names on separate slips of paper of uniform size, as provided by LSA-R.S. 15:181.
The defendant does not charge that the Jury Commission used discriminatory or improper procedures in drawing the petit jury venire. Rather, he bases his complaint of systematic exclusion of negroes from the jury bodies on two grounds: firstly, that the number of negroes on the general venire was disproportionate to the negro population of the parish; secondly, that no negroes were selected for the general venire from the Town of Grambling.
The record reflects that a substantial number of negroes were included on the general venire, the basic jury body. That the racial representation did not conform to the population ratio does not of itself violate constitutional safeguards. The law requires only that the jury body be selected without regard to race. It does not mandate percentages.[5]
The Jury Commissioners are charged with the duty of securing “none but good and competent jurors”.[6] Among the qualifications required for jury service are a minimum age of 21, citizenship, residence, literacy, no felony charge or conviction, and well known good character and standing in the community.[7] The testimony of the Commissioners is consistent and uncontradicted that they used the same standard in making selections as to all persons. The record negates any notion that any person was excluded from jury service because of race or that any distinction was tirade because of it.
The defendant also complains that no negroes were selected for the general venire from Grambling, a town composed exclusively of negroes. As wc have seen, Grambling is located in Ward One of Lincoln Parish. This ward also contains Ruston, the largest municipality in the parish. The evidence reflects that one negro on the general venire operated a business in Grambling. Many other members of the venire, both white and negro, resided in Ward One. We find no evidence here of systematic exclusion or token inclusion because of race Moreover, the defendant has no legal right to a trial by jurors from a particular portion of the parish.[8]
*398 We find no merit in Bill of Exception No. 1.
Bill of Exception No. 2 was reserved in connection with an objection to certain questions propounded by the district attorney to the witness, Theodos Goree, concerning his testimony at the former trial. The ground of the objection was that the questions referred to the former trial.
The Bill of Exception was reserved prior to the Court’s ruling on the objection. Thereafter, the Court sustained the objection to the extent that the district attorney was prohibited from making any reference to the former trial.
The Per Curiam of the trial judge properly disposes of the contentions made here:
“The witness was under cross examination. I know of no legal reason why the District Attorney could not examine him as to former testimony. At any rate, the question was not answered; the Jury was instructed to disregard the question, and the matter was in no way prejudicial to the defendant, Howard.”
Bill of Exception No. 3 was reserved when, in his closing argument to the jury, the district attorney stated that each of the four defendants testified to the same story; that they had been well coached; and that he wanted to call the jury’s attention to this fact in deciding this case.
Upon defense objection, the trial judge instructed the jury to disregard the statement. Despite this, the defendant complains that the statement was prejudicial and that the effect of it was not cured by the instruction of the judge.
Since the trial judge effectually sustained the objection made by the defendant, the question of the propriety of the ruling excluding the argument is not raised here. The defendant contends only that the prejudice was not removed. We find no substance in this contention. Assuming that the ruling of the trial judge was correct in sustaining the objection (and we express no opinion as to this), all possible prejudice was cured by the judge’s timely instruction to the jury to disregard the argument and his later charge to the jury that it was the judge of the veracity of the witnesses.[9]
We conclude that this Bill is without merit.
Bill of Exception 4 was reserved when the trial court overruled defendant’s motion in arrest of judgment. Bill of Exception No. 5 was reserved when the trial court overruled the motion for a new trial. These motions reiterate the complaints *400 made in Bill of Exception No. 1, which we have heretofore considered. The motion for a new trial also alleges that the verdict is contrary to the law and the evidence. These Bills present nothing further for review.
For the reasons assigned, the conviction and sentence are affirmed.

. Eubanks v. Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991; State v. Mack, 243 La. 369, 144 So.2d 363; State v. Goree, 242 La. 886, 139 So.2d 531.

. Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866; State v. Mack, 243 La. 369, 144 So.2d 363; State v. Goree, 242 La. 886, 139 So.2d 531.

. Fay v. New York, 332 U.S. 261, 67 S.Ct, 1613, 91 L.Ed. 2043; Akins v. Texas, 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692; State v. Mack, 243 La. 369, 144 So.2d 363; State v. Fletcher, 236 La. 40, 106 So.2d 709.

. See LSA-R.S. 15:180.

. Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839; State v. Mack, 243 La. 369, 144 So.2d 363; State v. Perkins, 211 La. 993, 31 So.2d 188. See also State v. Clark, 242 La. 914, 140 So.2d 1 and State v. Green, 221 La. 713, 60 So.2d 208.

. LSA-R.S. 15:173.

. LSA-R.S. 15.172; State v. Goree, 242 La. 886, 139 So.2d 531.

. State v. Guirlando, 152 La. 570, 93 So. 796; State v. Manuel, 133 La. 571, 63 So. 174; State v. Laborde, 120 La. 136, 45 So. 38.

. See State v. Dowdy, 217 La. 773, 47 So.2d 496; State v. Disotell, 181 La. 149, 158 So. 825; and State v. Easley, 118 La. 690, 43 So. 279.