(116 So. 588)

No. 29084.

## STATE v. BROWN.

March 12, 1928.   Rehearing Denied April 9, 1928.

J. A. Williams, of Lake Charles, C. H. McCain, of Colfax, and Wade J. Broussard, of Alexandria, for appellant.

Percy Saint, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria, E. R. Schowalter, Asst. Atty. Gen. (T. F. Hunter, of Alexandria, of counsel), for the State.

LAND, J. Defendant was found guilty of the crime of rape without capital punishment, and has appealed from a sentence to hard labor for life in the state penitentiary.

Counsel who represented defendant in the lower court have failed to appear for him in this court, and the case has been submitted solely on the state's brief.

The record presents for review seven bills of exception.

## Bill No. 1.

When defendant was arrested, he made certain statements to a police officer, and also other statements to the chief of police the following day. These statements were objected to as not free and voluntary, and the objection was overruled by the trial judge.

Neither of the officers made any threats or offered any inducements whatever at the time these statements were made to them by defendant.

When taken into custody by the police officer, defendant asked why he was arrested. He was informed that the doctors had stated that the girl had been assaulted. Defendant replied: "It is a frame-up on me."

After arriving at the police station, the officer discovered some blood on the defendant's clothing, and, pointing it out to him, remarked that he would have to tell this again.

As far as is shown by the record, the only statement made by defendant to the chief of police the next day was that "it was a frame-up." Defendant made no admission to that officer that he was with the prosecutrix on the occasion of the assault. Neither promise, threat, nor improper influence was used to secure the statement of the accused. The only ground assigned as a reason why the statement made to the chief of police was not free and voluntary is that the defendant had been in continuous custody since his arrest.

The fact that defendant was in close confinement at the time did not per se render his statements, otherwise free and voluntary, inadmissible. State v. Jones, 47 La. Ann. 1524, 18 So. 515; State v. Lewis, 112 La. 872, 36 So. 788.

## Bill No. 2.

This bill was reserved to the ruling of the trial judge in sustaining the objection of the district attorney to the following question propounded by counsel for defendant to Dr. Evans:

"Doctor, would it be possible to rape a woman without bruises, other than those mentioned in this case?"

The objection urged against this question by the state was that it was not a hypotheti-

cal, but an improper question to be propounded to the witness, as it called for an opinion which the witness was not qualified to give, and trenched upon facts which were solely within the province of the jury to determine.

In Commonwealth v. Buckman, 82 Pa. Super. Ct. 428, it is said in part:

"A medical witness cannot give an opinion as an expert, based on his knowledge of the human system and the human frame, whether a rape could have been committed in the mode and manner described; no peculiar knowledge of the human system is necessary to answer it. Cook v. State, 24 N. J. Law, 843. A physician would be competent to give his opinion as to the possibility of the act in question, where its possibility or impossibility depended upon or was affected by some physical injury, deformity, or incapacity. State v. [Perry, 41] W. Va. 641, 24 S. E. 634. While some courts hold that a physician may testify that it would be physically impossible to commit the act of rape as testified to by the prosecutrix, the better opinion is to the contrary, on the ground that to permit such evidence would allow the witness to assume the functions of the jury, and the matter is not properly the subject of expert testimony. 33 Cyc. p. 1475."

The ruling of the trial judge is correct and is approved.

### Bill No. 3.

■ Dr. Reed was asked the following question by counsel for defendant:

"Doctor, as an expert on physical strength, in your opinion could a man the size of Brown ravish and rape a woman the size of Miss ——, considering the physical strength of both of them?"

This question was objected to by the state on the ground that it called for an opinion that encroached upon the province of the jury; that the witness had made no physical examination of the parties, and did not know what physical condition they were in at the time, and was not qualified to give an opinion in the case.

The objection was sustained by the trial judge, and properly, for the reason that the question did not call for an expert opinion,

but was a question of fact within the province of the jury to decide.

As was said in the Buckman Case cited, supra:

"Opinion evidence in rape cases, like that in other cases, must pertain to matters of scientific knowledge as distinguished from common opinion, or mere abstract speculations. Wharton & Stille's Medical Jurisprudence, vol. 3 (5th Ed.) par. 543. For example, the question whether or not it would be possible for a well-developed man to ravish a well-developed woman is not a subject for expert opinion. The jury are as competent to answer the question as a physician would be. People v. Benc, 130 Cal. 159, 62 P. 404; State v. Peterson, 110 Iowa, 647, 82 N. W. 329."

We find no error in the ruling complained of by defendant.

### Bill No. 4.

■■ Special counsel for the prosecution made the following statement to the jury during his argument "that all rapists build their defense upon a tissue of lies."

The statement was objected to as improper, and the trial judge, at the request of counsel for defendant, instructed the jury to disregard the remark made by counsel.

The general rule is that interference of the court at the proper time nullifies the prejudicial effect of an improper statement made by the prosecuting officer during the course of the trial. We see no good reason why the general rule should not be applied in the present case, as we are not convinced that the jury disregarded the instructions of the court and permitted such remarks to influence their verdict. State v. Easley, 118 La. 691, 43 So. 279; State v. Mitchell, 119 La. 374, 44 So. 132; State v. Heidelberg, 120 La. 300, 45 So. 256; State v. Dunn, 161 La. 532, 109 So. 56.

### Bill No. 5.

■ The special prosecutor made the following remark to the jury:

"The accused not being satisfied with committing the crime of rape, he attempts to build

his defense around her bleeding body, and, further, in this particular case the accused was caught in the act."

Counsel for defendant objected to the last part of the above statement, "and, further, in this particular case the accused was caught in the act," on the ground that this was not a fact shown by the evidence. He requested the court to instruct the jury to disregard the remarks of special counsel and instruct counsel not to persist. The objection was overruled by the trial judge for the reason that the special prosecutor was arguing his conclusions from the evidence. The jurors, however, were instructed at the time to draw their own conclusions from the evidence before them.

In other words, the jury was directed, practically, to disregard the objectionable statements if not legitimate deductions from the evidence in the case.

The prosecuting officer, or his assistant, has the right to press upon the jury any view of the case arising from the evidence. State v. Gallo, 115 La. 750, 39 So. 1001; State v. Johnson, 48 La. Ann. 87, 19 So. 213.

■ Even where the district attorney, or special counsel, goes out of the record, and the jury is instructed to disregard the remarks, ordinarily, prejudice to the accused will not be presumed. State v. Genna, 163 La. 701, 112 So. 655.

### Bill No. 6.

■ Defendant's counsel states in the above bill that, on the trial of this case, counsel for defendant timely requested from the court a written charge, which was given; that after giving the written charge, counsel for defendant requested a special charge, which was handed to the court in writing; that after giving a portion of the special charge, the court then proceeded to give a part of his charge orally, to which counsel objected and reserved a bill; that counsel objected to the oral portion of the court's charge, as it reflected on and destroyed the weight of the special charge.

It is stated in the per curiam to this bill:

"When the party to whom the prosecutrix had complained was on the witness stand, she testified to certain facts, to which counsel for the accused objected, and asked the court to instruct the jury not to consider said statements objected to.

"Whereupon, the court instructed the jury the witness could testify to the fact only that the prosecutrix had complained to her, and could not repeat any details given by the prosecutrix, and any other statement given by this witness was not competent evidence, and should not be considered by the jury, which instruction must have been satisfactory to counsel for the accused since no bill was reserved thereto.

"Having given my charge to the jury in writing as requested, counsel requested the court to charge, among other charges, No. 1 relative to receiving certain testimony of the witness to whom the prosecutrix complained. Whereupon, I instructed the clerk to take down my statement and make it a part of the record, and charged as follows: 'Gentlemen: This is a charge that more properly should be given at the introduction of the testimony, and was so charged at the time that the witness to whom the prosecutrix complained testified; it is the law and I so charge you.'

"I believe I would have been justified in refusing the charge, under the circumstances, but wanted to be fair to the accused and repeated the instruction to the jury to make sure they would not give consideration to any evidence the court had ruled out.

"Requested charge No. 3 was covered by my general charge, but it could do the accused no harm to repeat it; so, instructing the clerk to take down my statement, I stated to the jury: 'This, gentlemen, I think is covered by my general charge upon the subject. However, I will charge it as the law.'"

The note taken down by the clerk at page 38 of the transcript clearly shows that special charges No. 1 and No. 3, which appear at page 13 of the transcript, were given as a whole to the jury. The mere statements by the trial judge as to the proper time when special charge No. 1 should have been given, and as to the fact that charge No. 3 was covered by the general charge, were merely intro-

ductory statements, formed no part of these charges, and did not result, in our opinion, in any prejudice or injury whatever to the accused. As a matter of fact, these two special charges are in writing, and were given to the jury as written. Nothing was added to or taken from either by the comments of the trial judge at the time.

Under the circumstances of the case, we must find that a written charge, as requested by counsel for defendant, was delivered by the judge a quo to the jury, and conclude that the bill reserved is without merit.

### Bill No. 7.

This bill was reserved to the overruling of a motion for a new trial, in which it is complained:

1. That there existed during the trial an unfair prejudice against the defendant in the minds of several of the jurors who were impaneled. The trial judge states that there was nothing to show that there existed any unfair prejudice against the accused on the part of any of the jurors, and that the accused received a fair and impartial trial. The jury deliberated some 10 or 12 hours before returning a verdict.

2. That no outcry was made by the prosecuting witness, who is considerably older than alleged by her.

These are questions of fact to be considered and determined by the jury.

3. That one of the jurors answered falsely on his voir dire by stating that he did not know the prosecuting witness, and had neither personal knowledge of, nor information concerning the case; whereas, in truth and fact, this juror was a cousin of the prosecuting witness and had stated, before he was taken on the jury, that he intended to get on the panel, no matter what it cost, and to convict the accused regardless of the evidence.

The motion for new trial was submitted solely on the uncorroborated affidavit of the accused. The juror attacked was sworn on the trial of the motion, and testified that he was not related to the prosecuting witness in any way, a statement which was substantiated by a kinsman of the witness. The juror also denied the charge that he made any statement as to his intention to get on the jury and to convict regardless of the evidence in the case. The incompetency of the jury was not proved, and the complaint is without merit.

4. The remaining error assigned in the motion for new trial is that defendant was not allowed to recross the prosecuting witness to the extent he desired.

It appears from the per curiam of the trial judge that defendant had been given ample opportunity for cross-examination of this witness. The trial judge has a certain discretion in the conduct of trials, and may restrict a cross-examination within legitimate bounds. State v. Wren et al., 121 La. 55, 46 So. 99; State v. Natcisse, 133 La. 587, 63 So. 182; State v. Walters, 135 La. 1071, 66 So. 364.

As defendant is not represented by counsel on appeal, we have examined the case most carefully, and have taken pains to go into every detail. The record discloses no reversible error, and the law must take its course.

The conviction and sentence are affirmed.