EDWARDS, Judge.
Defendant was convicted of second degree murder, a violation of LSA-R.S. 14:30.1, and sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. He appeals, alleging that the trial court erred in several eviden-tiary rulings, and by denying his post-trial motions.
On December 28, 1985, the victim, his twin brother, and a friend, went to a Shell service station to purchase some beer. When the clerk refused to sell them the beer without proof that they were of legal age, defendant, who was inside the station at the time, agreed to make the purchase for them. The victim gave defendant some money; defendant made the purchase, and gave it and change to the victim.
*798 Realizing that he had been shortchanged, the victim questioned the clerk, who checked the cash register and concluded that she had not shortchanged defendant when he made the purchase. The victim, his brother, and his friend then went outside, but the victim decided to return the beer and get a refund. As they tried to reenter the station, defendant met them at the door and started pushing the victim and his brother, and a fight ensued. Defendant first fought with the victim’s brother, and then when onlookers separated them, defendant began fighting with the victim. Neither the victim nor his brother was armed.
One witness testified that he saw defendant pull from his pocket something which looked like an arrow, having razor blade edges. Then positioning the weapon so that it protruded about an inch and a half through the space between his fingers, defendant began to punch and jab. The victim’s brother received stab wounds on his hand, arm, and side, but the victim was stabbed in the shoulder and in the chest. The mortal wound, a one-inch laceration of the right ventricle of the heart, was inflicted while the victim was being held by onlookers who were trying to stop the fight.
Defendant’s story was quite different: The victim and his brother were the aggressors; he had to fight both of them simultaneously; out of fear he began fighting with a pocket knife, which he lost during the fight. He denied that he used a blade which could be held between his fingers, or that he wanted to kill the victim. According to defendant, he was only trying to protect himself.
EVIDENTIARY RULINGS
The trial court accepted Dr. Edward Joseph Skiens, who had treated the victim at the emergency room, as an expert in the field of emergency medicine. To the prosecutor’s question whether the victim’s wound could have been caused by an arrowhead, Dr. Skiens responded that it possibly could have been. Defense counsel then objected to the prosecutor going any further on the basis that the doctor was not qualified as an expert in the use of weapons, and the trial court sustained the objection. Since the objection was sustained, defendant has no complaint on appeal unless he requested and was denied an admonition to disregard or a mistrial.* State v. Michel, 422 So.2d 1115, 1121 (La. 1982); State v. Hookfin, 476 So.2d 481, 487 (La.App. 1st Cir.1985).
The prosecutor then asked Dr. Skiens whether he knew how much force would be necessary to cause a weapon to be pushed far enough into the chest cavity to cause the victim’s wound. Defense counsel objected, again saying that the question called for an answer beyond the doctor’s expertise, but the court overruled the objection. Nevertheless the prosecutor rephrased the question, and a similar objection was again made, and again, overruled. Yet again the prosecutor rephrased the question, and the witness responded that he could not answer. The prosecutor then stated that he had no further questions. Because the witness did not answer the allegedly improper question, defendant has no ground for complaint on appeal. See State v. Taylor, 347 So.2d 172, 181-82 (La. 1977).
Defendant also contends that the trial court erred in sustaining the state’s objection to defense counsel's questioning of defendant regarding his then present feelings toward the victim. Defendant claims that such testimony was relevant to show that he lacked specific intent. On direct examination, defendant testified that he had previously known the victim and his brother, and that there was no bad blood between them. Defense counsel then asked, “How do you feel now that Jarrold is dead?” The state objected to the question as irrelevant, and the court sustained the objection.
*799 Relevant evidence is that tending to either show or negate intent or the commission of the offense. The trial judge’s determination regarding relevancy will not be overturned absent a clear abuse of discretion. State v. Huizar, 414 So.2d 741, 748 (La.1982). Defendant’s feelings at the time of the trial were not relevant to his intent at the time the crime was committed. We find no abuse of discretion.
POST-TRIAL MOTIONS
Defendant contends that the court erred by denying his motion to modify the verdict, arguing that the state failed to prove the requisite specific intent for second degree murder. Specific criminal intent is “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” LSA-R.S. 14:10(1). The pertinent part of the second degree murder statute requires “specific intent to kill or to inflict great bodily harm.” LSA-R.S. 14:30.1. Specific intent is a state of mind, which need not be proved as a fact; it may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Boyer, 406 So.2d 143, 150 (La.1981).
We also reject defendant’s claim that the crime was committed in the heat of passion, and consequently was at most manslaughter. This type of manslaughter would be either first or second degree murder except for the mitigating circumstance of sudden passion. LSA-R.S. 14:31(1); State v. Rayford, 476 So.2d 961, 964 (La. App. 1st Cir.1985). The jury was quite reasonable in determining that defendant’s action was not mitigated by sudden passion.
Under the standard of Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), we must determine whether the evidence, viewed in the light most favorable to the prosecution was sufficient to convince a rational trier of fact that all elements of the crime were proved beyond a reasonable doubt. The evidence was clearly sufficient. Defendant, without provocation, started the fight and remained aggressive throughout, using a sharp knife, and even hitting the victim when the victim was unable to fight back. The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). Obviously the jury rejected defendant’s version of the facts.
Finally defendant contends that the trial court erred by denying his motion for new trial, the basis of which was his allegations of errors in evidentiary rulings. Having already determined those same allegations of error to be without merit, we now conclude that the court did not err in denying the motion for new trial.
For the foregoing reasons defendant’s conviction and sentence are affirmed.
AFFIRMED.

 We note, however, that a physician who has examined the victim may give his opinion regarding the manner in which a wound was inflicted. State v. White, 298 So.2d 733, 734 (La.1974).