NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 23-175


STATE OF LOUISIANA

VERSUS

ALLEN JOSEPH FONTENOT


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 18410-19
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**GUY E. BRADBERRY**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Gary J. Ortego, Ledricka J. Thierry, and Guy E. Bradberry, Judges.


**AFFIRMED.**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT:**
       **Allen Joseph Fontenot**

**Stephen C. Dwight**
**District Attorney**
**John E. Turner**
**Assistant District Attorney**
**Fourteenth Judicial District Court**
**P.O. Box 3206**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR:**
       **State of Louisiana**

**BRADBERRY, Judge.**

Defendant, Allen Joseph Fontenot, was charged by indictment filed on August 22, 2019, with first degree rape, a violation of La.R.S. 14:42. Jury selection commenced on August 2, 2021; however, the trial was subsequently "upset and refixed for a later date." On April 4, 2022, jury selection commenced anew, and Defendant was found guilty of first degree rape on April 8, 2022. Defendant filed a motion for new trial, which was denied on April 12, 2022. Defendant was sentenced on July 15, 2022, to serve life at hard labor, without benefit of probation, parole, or suspension of sentence. Defendant filed a motion to reconsider sentence, which was denied on July 20, 2022. Thereafter, he filed a notice of appeal, which was granted on July 25, 2022.

Defendant is before this court asserting two assignments of error: 1) the trial court erred in denying Defense counsel's motion in limine to exclude the testimony of Dr. Darrel Turner; and 2) the trial court erred in failing to grant defense counsel's challenges for cause regarding prospective jurors Thomas Williams and Dennis Peveto. We find these assignments of error lack merit.

## FACTS

Defendant raped D.S., who was eleven years old at the time of the offense.[1]

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

---

[1]The victim's initials are used in accordance with La.R.S. 46:1844(W).

# ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Defendant contends the trial court erred in denying defense counsel's motion in limine, thereby allowing into evidence opinion testimony from expert Dr. Darrel Turner. He further argues that Dr. Turner's testimony impermissibly bolstered the credibility of D.S. and spoke to the ultimate issue to be decided by the jury.

Defendant suggests the trial court abused its discretion in denying the motion in limine because Dr. Turner never examined D.S. or reviewed the sexual assault nurse examiner ("SANE") notes. Defendant discusses Louisiana jurisprudence addressing the admissibility and scope of expert testimony in cases involving sex offenses committed against a child. Defendant asserts the State's questions to Dr. Turner were improper and exceeded the permissible bounds of his expert testimony. "[H]aving never met with D.S., and having been fed hypothetical questions that were assumed [owing to] distorted facts given by D.S., Dr. Turner's testimony unduly bolstered that given by D.S." Defendant suggests the State used Dr. Turner to explain the inconsistencies or oddities in D.S.'s statements. He further argues:

> At the beginning of the State's direct examination of Dr. Turner, the State inquired into the general responses of children who have been sexually abused. The State asked "specifically about the following types of responses that someone went straight to sleep before a sexual assault happened and they slept through it. I was asleep, quote, I didn't feel anything, I don't wanna [sic] talk about it..." Dr. Turner stated those are common responses. The State proceeded to ask about coping mechanisms, and whether Dr. Turner would be surprised to learn that after reporting a sexual assault and going through, for example, seven different interview processes and then testifying in court that throughout those interview processes story like I think I was drugged; I fell and hit my head and was brought in against my will; I tried to run from the room after. There were people in the courtyard nearby who saw - -.". [sic] Defense counsel objected for the record. Counsel noted that Dr. Turner never examined D.S.

2

In support of his argument, Defendant cites *Commonwealth v. Dunkle*, 529 Pa. 168; 602 A.2d 830 (1992), a case from Pennsylvania wherein the court stated it was error to admit expert testimony on the subject of delayed reporting, omission of details, and the inability to recall dates and times, in support of his argument. *Dunkle* is contrary to Louisiana jurisprudence which holds that experts in child sexual abuse cases may testify regarding general characteristics that would explain delays in reporting, recantations, and omission of details. *See State v. Foret*, 628 So.2d 1116 (La.1993); *State v. Jimmerson*, 21-742 (La.App. 3 Cir. 9/28/22), 348 So.3d 944, *writ denied*, 22-1559 (La. 6/21/23), 362 So.3d 430.

Defendant asserts there was no need for an expert who had never interviewed or examined D.S. to explain "this type of information" to the jury. He alleges Dr. Turner's testimony served only to bolster the testimony of D.S., especially when the hypotheticals used by the State were very similar to the new facts raised by D.S. "As the State's case was based on the testimony of D.S., this Honorable Court can not [sic] say, beyond a reasonable doubt, that 'the expert opinion' testimony of Dr. Turner had no effect on the jury's guilty verdict."

Motion in Limine

Defendant filed several motions in limine in this matter, and there were at least three hearings regarding the testimony of Dr. Turner. Defendant fails to point to the record pages on which the motion he addresses is contained. He also fails to reference the page numbers of the hearing thereon. Furthermore, he does not address the trial court's ruling other than to say the motion was denied. Defendant does note that a supervisory writ regarding the testimony of Dr. Turner was taken,

3

and this court denied Defendant's writ application.[2] However, he does not discuss the content of this court's ruling or if that ruling addressed the issues presented in his assignment of error.

Uniform Rules-Courts of Appeal, Rule 2-12.4, provides the requirements of an appellant's brief. Rule 2-12.4(A)(3) provides that all assignments of error and issues for review must be briefed and contain specific page numbers of the record regarding the argument set forth. Additionally, Rule 2-12.4(B)(3) allows the court the discretion to disregard any argument set forth in an appeal brief in the event suitable reference to the record is not made.

In *State v. Matthews*, 22-422, pp. 14–15 (La.App. 3 Cir. 11/16/22), 353 So.3d 301, 309–10 (footnote omitted) (alteration in original), this court addressed defendant's complaint about the trial court's September 21, 2022 ruling admitting letters purportedly written by him:

> Defendant's brief to this court fails to fully address what occurred at the September 20, 2021 hearing. He does not discuss the testimony presented, reference the relevant exhibits, or note the basis for the trial court's ruling made on September 21, 2021. Defendant cites to pages 759 and 807 of the record, which are part of the transcript of the September 20 hearing. However, he fails to set forth the record page numbers containing the trial court's ruling. Defendant did not analyze the lengthy discussions that had occurred during the trial regarding the admissibility of the letters, the exhibits the State actually introduced at trial, testimony by Detective Lavergne regarding the exhibits and defense counsel's traversal of that witness, the trial court's comments, and the record page numbers where this information can be found. Defendant merely cites La.Code Evid. art. 901 with no discussion of the standard of review, jurisprudence, or other authority addressing authentication of handwritten letters and the remedy for improper admission of such evidence.
>
> Defendant suggests the remedy for erroneous admission of improperly authenticated evidence is a new trial. However, such errors are subject to a harmless error analysis. La.Code Crim.P. art.

---

[2]We note Defendant sought review of rulings from January 28, April 5, and April 7, 2022. *State v. Fontenot*, 22-220 (La.App. 3 Cir. 4/8/22) (unpublished opinion).

921; *Cf. State v. Magee*, 11-574 (La. 9/28/12), 103 So.3d 285, *cert. denied*, 571 U.S. 830, 134 S.Ct. 56, 187 L.Ed.2d 49 (2013) (holding that "[t]he test is whether there is a reasonable possibility the error might have contributed to the conviction and whether the court can declare a belief that the error is harmless beyond a reasonable doubt").

Because Defendant's brief does not comply with Uniform Rules—Courts of Appeal, Rule 2-12.4, we will not consider this assignment of error.

Defendant's brief does not comply with Uniform Rules—Courts of Appeal, Rule 2–12.4; thus, we will not consider Defendant's claims as to the trial court's denial of his motion in limine.

<u>Bolstering the Testimony or Credibility of D.S.</u>

Defendant additionally avers that Dr. Turner's testimony improperly bolstered the testimony or credibility of D.S. Defendant points to a single objection during his discussion of the testimony of Dr. Turner. Defense counsel objected as follows:

> Q. And we talked about coping mechanisms earlier. I want to ask you, would you be surprised to learn that after reporting a sexual assault and going through, for example, seven different interview processes and then testifying in court that throughout those interview processes over time, certain facts would be added to the story like I think I was drugged; I fell and hit my head and was brought in against my will; I tried to run from the room after. There were people in the courtyard nearby who saw –
>
> MR. CASANAVE:
>
> Your Honor, I'm going to object to this. It's -- he's now to get vouching.
>
> MR. ROBINSON:
>
> Would you like me to rephrase the question, Judge?
>
> THE COURT:
>
> Please.
>
> Sustained.

5

Please rephrase the question.

MR. ROBINSON:

Yes, sir.

BY MR. ROBINSON (Resuming):

Q.     Would you be surprised to learn that a child adds additional facts of their account?

The State asserts that was the sole objection made by defense counsel regarding bolstering of the witness's testimony during Dr. Turner's testimony.

The objection referenced by Defendant was sustained.  In *State v. Robinson*, 506 So.2d 797, 798 (La.App. 1 Cir. 1987) (footnote omitted), the first circuit addressed the relief available in such situations:

> The trial court accepted Dr. Edward Joseph Skiens, who had treated the victim at the emergency room, as an expert in the field of emergency medicine. To the prosecutor's question whether the victim's wound could have been caused by an arrowhead, Dr. Skiens responded that it possibly could have been. Defense counsel then objected to the prosecutor going any further on the basis that the doctor was not qualified as an expert in the use of weapons, and the trial court sustained the objection. Since the objection was sustained, defendant has no complaint on appeal unless he requested and was denied an admonition to disregard or a mistrial. *State v. Michel*, 422 So.2d 1115, 1121 (La.1982); *State v. Hookfin*, 476 So.2d 481, 487 (La.App. 1st Cir.1985).

*See also State v. Melendez*, (La.App. 1 Cir. 6/2/17) (unpublished opinion).

Dr. Turner did not answer the question asked, and Defendant did not request an admonition or request a mistrial; thus, Defendant received all of the relief to which he was entitled.  Any additional concerns as to the testimony of Dr. Turner should not be considered inasmuch as Defendant does not point to any other objections made during Dr. Turner's testimony.  Uniform Rules—Courts of Appeal, Rule 2–12.4(A)(9)(c); La.Code Crim.P. art. 841.

# ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Defendant contends the trial court erred in failing to grant defense counsel's challenges for cause regarding prospective jurors, Thomas Williams and Dennis Peveto. Defendant suggests that defense counsel exhausted all peremptory challenges; therefore, the failure to excuse these prospective jurors constitutes reversible error.

Defendant challenged both Williams and Peveto for cause on the basis of bias, and the trial court denied those challenges. The Defendant did not object to the denial of the challenges for cause. The State subsequently used a peremptory strike to remove Williams, and Defendant used a peremptory strike to exclude Peveto. Because the State struck Williams, the Defendant may not assign error to the denial of the challenge for cause as to Williams. Defendant did, however, use a peremptory strike to remove Peveto.

> The purpose of voir dire is to determine the qualifications of prospective jurors by testing their competency and impartiality and to assist counsel in articulating intelligent reasons for exercising cause and peremptory challenges. *State v. Stacy*, 96-0221, p. 5 (La. 10/15/96), 680 So.2d 1175, 1178. The grounds for which a juror may be challenged for cause are set forth in La.C.Cr.P. art. 797 and La.C.Cr.P. art. 798. In applicable part, jurors may be challenged if the juror lacks a qualification required by law, if the juror is not impartial, whatever the cause of his partiality, and if the juror will not accept the law as given by the court. La.C.Cr.P. art. 797.

> A trial court is vested with broad discretion in ruling on challenges for cause and these rulings will be reversed only when a review of the voir dire record as a whole reveals an abuse of discretion. *State v. Cross*, 93-1189, p. 7 (La. 6/30/95), 658 So.2d 683, 686. Prejudice is presumed when a trial court erroneously denies a challenge for cause, and the defendant ultimately exhausts his peremptory challenges. *State v. Robertson*, 630 So.2d 1278, 1280 (La. 1994). Further, an erroneous ruling depriving an accused of a peremptory challenge violates his substantial rights and constitutes reversible error. *Cross*, 93-1189 at 6, 658 So.2d at 686. "[A] challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole

> reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied." *State v. Hallal*, 557 So.2d 1388, 1389–90 (La. 1990).

*State v. Holliday*, 17-1921, pp. 27–28 (La. 1/29/20), 340 So.3d 648, 676–77 (alteration in original) (footnote omitted), *cert. denied*, ___ U.S. ___, 141 S.Ct. 1271 (2021).

Louisiana Code of Criminal Procedure Article 799 gives a defendant charged with first degree rape twelve peremptory challenges. Additional challenges shall be allowed for alternate jurors. La.Code Crim.P. art. 789.

Defendant alleges he exhausted his peremptory challenges; thus, prejudice is presumed. However, the State suggests Defendant used only nine peremptory challenges. A review of voir dire indicates Defendant, in fact, used a total of nine peremptory challenges during the selection of the twelve-member jury.[3] Those jurors peremptorily struck by Defendant included Phyllis Andrus, Mark Cutrera, Kamio Rodriguez, Shawn Heiss, Dennis Fontenot, Dennis Peveto, Courtnie Erbelding, Laura Miller, and Jennifer Myers. Thereafter, the parties were given one additional peremptory challenge to use during selection of the alternate jurors. Defendant used that peremptory strike on Michael Hardey.

The State asserts the issue may not be raised because Defendant failed to object to the trial court's rulings denying his challenges for cause. Louisiana Code of Criminal Procedure Article 800(A) provides: "A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling. The nature of the objection and grounds therefor shall be stated at the time of objection." In *State v. Vanderpool*,

---

[3]The State believes Defendant's error is based on the failure of the minutes of court for April 5, 2022, to designate those prospective jurors that were excused for cause.

493 So.2d 574 (La.1986), the supreme court was called upon to address whether a challenge for cause was improperly denied. The supreme court addressed the defendant's failure to object to the denial of the challenge:

> Our law is also settled that an objection need not be raised by incantation. "It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor." C.Cr.P. 841; *State v. Boutte*, 384 So.2d 773 (La. 1980). The requirement that objection be raised contemporaneously is not meant to be inflexible, but is designed "to promote judicial efficiency and to insure fair play." *State v. Lee*, 346 So.2d 682, 684 (La. 1977). Article 800 should not be read to differ in this respect from Article 841. From the trial court's response to defendant's motion, it is clear enough that Vanderpool made it known he wanted the deputy excused and voiced the reasons why. This is sufficient to preserve the issue for appeal.

*Id.* at 575.

In *State v. Pinion*, 06-2346, p. 10 (La. 10/26/07), 968 So.2d 131, 136 (per curiam), the supreme court stated:

> Although the court of appeal faulted counsel for not making a general objection on the record to the composition of the jury, an objection that counsel had been forced to accept an obnoxious juror as the result of the trial court's erroneous ruling on one or more cause challenges has not been an aspect of the Court's jurisprudence for preserving error in the denial of cause challenges for over 50 years since *State v. Breedlove*, 199 La. 965, 7 So.2d 221 (1942) was legislatively superceded in the 1966 revisions to the Code of Criminal Procedure. *See State v. Robertson*, 92-2660 (La.1/14/94), 630 So.2d 1278, 1279-80. In jury selection, counsel satisfies the requirements of Louisiana's contemporaneous objection rule by stating his grounds for a cause challenge and then by removing the juror with one of his remaining peremptory challenges when the court declines to excuse the juror for cause.

In contrast, in *State v. Clark*, 12-508 (La. 12/19/16), 220 So.3d 583, *cert. granted, judgment vacated on other grounds*, ___ U.S. ___, 138 S.Ct. 2671 (2018), the supreme court noted the defendant did not lodge a contemporaneous objection to the trial court's denial of a challenge for cause. "Therefore, the defendant [was]

not entitled to assign error to that denial pursuant to LSA–C.Cr.P. art. 800(A)." *Id.* at 663. However, the court went on to determine that "even if the defense had preserved the issue, the record as a whole shows no abuse of discretion by the trial court in denying the challenge." *Id.* at 664.

The third circuit has not always required an objection to the denial of a challenge for cause. In *State v. Queen*, 17-599 (La.App. 3 Cir. 1/4/18), 237 So.3d 547, *writ denied*, 18-211 (La. 11/20/18), 257 So.3d 186, this court determined that a defendant's failure to object to the denial of challenges for cause did not prohibit review of the issue on appeal. *See also State v. Record*, 18-614 (La.App. 3 Cir. 2/27/19), 266 So.3d 592; *State v. Humphrey*, 22-724 (La.App. 3 Cir. 3/29/23), 364 So.3d 437.

Based on the above jurisprudence, we find Defendant set forth his reasons for the challenge for cause, so no explicit objection was necessary.

In *State v. Magee*, 11-574 (La. 9/28/12), 103 So.3d 285, *cert. denied*, 571 U.S. 830, 134 S.Ct. 56 (2013), the defendant argued the trial court erred in denying his challenges for cause as to several prospective jurors. The court stated:

> [A]n erroneous ruling on a challenge for cause which does not deprive a defendant of one of his peremptory challenges will not provide grounds for a reversal of a defendant's conviction and sentence. . . . This requirement, through which the defendant is forced to use a remaining peremptory challenge in order to preserve error in the denial of a challenge for cause, is sometimes referred to as the "strike or waive" rule.

*Id.* at 307. The court further stated:

> Finding no constitutional or statutory infirmity in the "strike or waive" rule, this court declines the defendant's invitation to retreat from the present rule which requires a defendant to exhaust his peremptory challenges and to use one of those challenges curatively against a prospective juror whom the district court refuses to remove through a cause challenge in order to preserve the alleged error on appeal.

10

*Id.* at 310.

In *State v. Wessinger*, 98-1234, pp. 15–16 (La. 5/28/99), 736 So.2d 162, 178 (sixth alteration in original),[4] *cert. denied*, 528 U.S. 1050, 120 S.Ct. 589 (1999), the supreme court held:

> Defendant's peremptory challenge sheet, which is part of the record, shows that he exercised only eight of the twelve peremptory challenges that he is given by La.C.Cr.P. art. 799. Thus, we are not required to reach the issue of whether the trial judge erroneously denied the challenges for cause that are the subject of this assignment of error. *See, e.g. State v. Koon,* 96–1208 (La.5/20/97), 704 So.2d 756, *cert denied*[, 522] U.S. [1001], 118 S.Ct. 570, [139] L.Ed.2d [410] [(1997)] ( "we need not reach the issue of whether the failure to dismiss [prospective juror] Ms. Myers for cause was error because the defense did not use all its peremptory challenges"); *State v. Mitchell,* 94–2078 (La.5/21/96), 674 So.2d 250 ("In the instant case, we need not reach the issue of whether there was an erroneous denial of defendant's challenge for cause, since the record reveals that defendant failed to use all his peremptory challenges.").

Defendant argues:

> Prospective juror Dennis Peveto **seemed to be overly protective**. He spent six years in the Marine Corp. He has four young children of his own. When asked if he could ever see a situation where he could see himself being accused of such a crime, he adamantly stated he "wouldn't ever put me [sic] in my position the situation that could get me accused. I don't hang out with kids that aren't mine, or, you know, I don't even say hi to kids unless their parents are around." He re-iterated to Defense counsel[], "you know, I just don't put myself in that situation, so no, I couldn't see that." He said he would be thinking about his own children every day and how they were.

(second alteration added). Defendant relies on the presumption of prejudice and suggests Peveto's responses, as a whole, reveal facts from which "bias, prejudice or an inability to render judgment according to the law may be reasonably implied." Defendant does not argue how he was prejudiced by the fact that he used a peremptory strike to remove Peveto; thus, he did not meet his burden of

---

[4]*Wessinger* was superceded by statute, in part, on other grounds as discussed in *State v. Gomez*, 00-566 (La. 1/17/01), 778 So.2d 549.

11

showing some prejudice.  Moreover, the record shows Defendant used only nine of his twelve peremptory challenges.  Therefore, following *Magee* and *Wessinger*, we need not reach the issue of whether there was an errant denial of his challenge for cause.

For the reasons set forth herein, we find this assignment of error lacks merit.

## CONCLUSION

Defendant's conviction is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.